723 A.2d 659

Doris PARSOWITH, Executrix of the Estate of Bernard Parsowith, as surviving spouse and sole beneficiary of his estate, on her behalf and on behalf of all others similarly situated, Appellant,

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF REVENUE, Appellee.

Supreme Court of Pennsylvania.

Argued Nov. 16, 1998.

Decided Jan. 21, 1999.

Richard P. Myers, Philadelphia, for Doris Parsowith.

Howard G. Hopkirk, Deputy Atty. Gen., for Com., Dept. of Revenue.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION

SAYLOR, Justice.

This is a direct appeal from the Commonwealth Court's order sustaining the preliminary objections of the Commonwealth of Pennsylvania, Department of Revenue to the petition for review filed by Appellant, Doris Parsowith, which sought a declaration that a portion of the Inheritance and Estate Tax Act, 72 P.S. §§9101–9196 (the "Act"), is unconstitutional.

From 1967 through mid–1994, the Commonwealth imposed an inheritance tax of six percent upon transfers of property to a surviving spouse. *See* 72 Pa.C.S. §1716 (repealed). Mrs. Parsowith's husband, Bernard Parsowith, died as a result of lung cancer on July 9, 1993, and she contended that his death resulted from occupational exposure to asbestos. As the executrix and sole beneficiary of his estate, she commenced survival and wrongful death actions against certain manufacturers and suppliers of asbestos products.

Between 1993 and mid–1995, Mrs. Parsowith received settlements from various named defendants and paid inheritance taxes at the six percent rate on those portions of the proceeds related to her claims under the Survival Act, 42 Pa.C.S. §8302.[1] She does not contest these initial tax payments, because, at the time the transfers occurred, all surviving spouses were required to pay inheritance tax at the identical rate.

Effective July 1, 1995, the General Assembly amended the Act: the rate of taxation upon the transfer of property passing to or for the use of a surviving spouse was reduced to three percent for estates of decedents whose death occurred on or after July 1, 1994, and before January 1, 1995, 72 P.S. §9116(a)(1.1)(i), and the tax was eliminated for estates of persons dying on or after January 1, 1995, 72 P.S. §9116(a)(1.1)(ii).

---

**1.** Those portions of the proceeds related to Mrs. Parsowith's claims under the Wrongful Death Act, 42 Pa.C.S. §8301, were personal to her and not subject to the Pennsylvania inheritance tax. *See generally In re Estate of Merryman*, 669 A.2d 1059, 1061 (Pa.Cmwlth.1995).

Subsequent to January 1, 1995, Mrs. Parsowith continued to receive various settlement proceeds from defendants in the survival and wrongful death actions. In February of 1997, she commenced an action in the Court of Common Pleas of Philadelphia County, seeking a declaration that such proceeds should not be subject to inheritance tax, contending that to apply the amendatory provisions contained in Section 9116(a)(1.1)(i) and (ii) of the Act otherwise would violate the uniformity clause of the Pennsylvania Constitution, PA. CONST. art. VIII §1, and the equal protection clause of the Fourteenth Amendment to the United States Constitution, U.S. CONST. amend. XIV, §1. Parsowith also sought equitable relief in the form of an injunction restraining the Commonwealth from requiring her to pay inheritance tax, mandating the allowance of a refund of taxes paid subsequent to the amendments, and exempting her from the filing of a tax return. Her arguments principally attacked the disparity in treatment as between widows whose husbands died after January 1, 1995 (who would pay no tax on proceeds from survival actions), and widows whose husbands died before the effective dates for the reduced tax rates (who would be subject to the six percent tax, regardless of whether settlement proceeds were received after the effective date of the amendments). She also requested that the court permit a class action on behalf of similarly situated individuals.

The parties stipulated to the transfer of the case to the Commonwealth Court pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. §5103(a), and Pennsylvania Rule of Civil Procedure 213(f), and the Commonwealth Court accepted jurisdiction, treating the action as a petition for review addressed to its original jurisdiction under Section 761 of the Judicial Code, 42 Pa.C.S. §761. The Commonwealth of Pennsylvania, Department of Revenue (the "Department"), which is charged with supervising assessments under the Act, 72 P.S. §9103, filed preliminary objections, asserting, among other things, that the Commonwealth Court lacked jurisdiction over the matter because Parsowith failed to exhaust her administrative remedies. In this regard, the Department noted that the

General Assembly has channeled petitions for review of orders and decisions of the Department related to inheritance taxation, in the first instance, to the Board of Finance and Revenue (the "Board"). The Commonwealth Court agreed and dismissed the petition for review, holding that Parsowith was required to pursue the statutorily-prescribed remedies before she would be permitted to raise her constitutional claim in a judicial tribunal.

In this appeal, Mrs. Parsowith contends that the Commonwealth Court erred in failing to permit her claim under the uniformity clause of the Pennsylvania Constitution to proceed before it.[2]  Citing primarily to this Court's decision in *Philadelphia Life Ins. Co. v. Commonwealth*, 410 Pa. 571, 190 A.2d 111 (1963), she argues that the Board has no authority to pass upon questions of constitutional dimension; therefore, the exercise of presenting her challenge to the Board would be a futile one.  The Department, on the other hand, takes the position that Parsowith's claim constitutes a challenge to the administrative interpretation of the Act, rather than a direct attack upon the validity of the statute as written.  As such, the Department argues, the issue raised by Parsowith was indeed amenable to consideration by the Board.  Additionally, the Department asserts that the legislative scheme directing tax appeals to the Board would be thwarted if taxpayers were permitted to evade the statutory procedures simply by alleging a constitutional violation.

■  Contrary to the Department's contentions, however, it is clear that Mrs. Parsowith's claim constitutes an attack upon the statutory scheme of taxation, rather than upon administrative interpretation alone.  The Act imposes a tax upon certain succession-related transfers of property, 72 P.S. §§9106, 9107;[3] defines property as including intangible personal prop-

2. Appellant has not directly asserted the equal protection clause of the Fourteenth Amendment to the United States Constitution as a basis for relief in this Court.

3. For purposes of the Act, the term "transfer" is defined as "the passage of ownership of property, or interest in property or income

erty, 72 P.S. §9102;[4] provides that the date of valuation for purposes of inheritance taxation, and the date that inheritance tax becomes due and payable, is the date of death of the decedent, 72 P.S. §§9121, 9142; and defines the rate of the tax according to the date of death, 72 P.S. §9116(a)(1.1).

Given these express provisions, it would be impossible to construe the statute in any other manner than as tying the tax, including the applicable rate and the ultimate amount of the tax, to the date of the decedent's death. Indeed, the rule in a majority of jurisdictions is that the statute in force at the time of the death of a decedent generally controls the rights and obligations of all parties in regard to the payment of a succession tax. *See generally* 42 AM.JUR.2D *Inheritance, Estate, and Gift Taxes* §§41, 52 (Supp.1997)(stating that "the rate of inheritance taxation is that prescribed by the statute in force at the time of the decedent's death, unaffected by an amendatory act enacted after his death"). This has also historically been the case in Pennsylvania. *See Estate of Tracy,* 403 Pa. 373, 379, 170 A.2d 93, 96–97 (1961)(describing the Commonwealth's right to impose a succession tax as an interest that vests at the time of the decedent's death); *Shugars v. Chamberlain Amusement Enterprises,* 284 Pa. 200, 206–07, 130 A. 426, 427 (1925)(stating that inheritance tax "springs into life on the death of the property owners" and that the tax becomes "seated" on the estate until it is satisfied).[5]

---

from property, in possession or enjoyment, present or future, in trust or otherwise." 72 P.S. §9102.

4. The term "intangible personal property" is generally interpreted to include incorporeal rights, such as choses in action. *See generally Commonwealth v. Sunbury Converting Works,* 286 Pa. 545, 550, 134 A. 438, 440 (1926) (citation omitted); BLACK'S LAW DICTIONARY 1217 (6th ed.1990)(defining personal property).

5. *See generally* Act of December 13, 1982, P.L. 1086 §4 (providing, among inheritance tax provisions, that "[t]his act shall ... apply to the estates of all decedents dying on or after the effective date of this act"); Act of June 17, 1971, P.L. 171 §2 (providing that the act shall apply to "the estates of all decedents dying on or after the effective date of this act").

Pennsylvania appellate courts regularly require adherence to the statutorily-prescribed administrative process. Nevertheless, this Court has adopted a flexible, case-specific approach which permits a narrow category of claims to bypass the ordinary route of appeal, where pursuit of statutory remedies would be pointless, or such remedies would be inadequate. *See Borough of Green Tree v. Board of Property Assessments of Allegheny County,* 459 Pa. 268, 279, 328 A.2d 819, 824 (1974)(stating that "[w]here the administrative process has nothing to contribute to the decision of the issue and there are no special reasons for postponing its immediate decision, exhaustion should not be required")(quoting L. JAFFE, JUDICIAL CONTROL OF ADMINISTRATIVE ACTION 440 (1965)). This exception resulted from a balancing of the concern for close conformance with legislative mandates against the interest in prompt, effective and meaningful treatment and resolution of live controversies. *See Green Tree,* 459 Pa. at 274–75, 328 A.2d at 824–25.

█ Here, Parsowith's claim falls within the exception. The question that she presents constitutes a direct attack upon a legislative scheme of taxation and is precisely the type of claim which this Court has found is not susceptible to determination in the administrative forum. *See generally Philadelphia Life,* 410 Pa. at 580–81, 190 A.2d at 116 (finding that the Board of Finance and Revenue was not a competent tribunal to pass upon a challenge which was not directed to the mechanics of tax calculations, but rather, went to the power of the legislature to levy any tax and to the validity of the statute imposing the tax). *See generally Israelit v. Montgomery County,* 703 A.2d 722, 724 (Pa.Cmwlth.1997)(allowing a taxpayer's constitutionally-based claims for declaratory and injunctive relief to proceed in the Commonwealth Court, while dismissing the taxpayer's request for tax refunds). Moreover, Parsowith's constitutional claim is not merely collateral to a broader attack upon the mechanics of the assessment process or part of a more general effort to obtain a tax refund; rather, she agrees that once the constitutional issue is determined, there is no dispute as to the amount of the tax. Thus, the

asserted unconstitutionality of the Act's procedure for assessment of the tax is the sole basis for relief asserted.

Because the single claim at issue is amenable to resolution only in a judicial forum, we find that the Commonwealth Court erred in sustaining the Department's preliminary objections.

Having disposed of the procedural issue, this case could be remanded to the Commonwealth Court for disposition of Parsowith's substantive claim for relief. Since, however, there are no material facts in dispute and the issue is fully briefed, in the interest of judicial economy we will proceed to a review of the constitutional claim.

■ Mrs. Parsowith contends that the 1995 amendments to the Act violate the uniformity clause of the Pennsylvania Constitution by creating a disparity in treatment in the taxation of transfers to widows based solely upon the timing of their spouses' deaths. Thus, Parsowith complains, a widow whose spouse died after January 1, 1995, is not subject to the tax on the proceeds of survival and other actions; whereas, Parsowith must pay inheritance tax at the six percent rate, even though she also has received and will receive the proceeds of settlements during the post-amendment period. According to Parsowith, choses in action must be treated differently from other forms of intangible personal property, because unliquidated tort claims are not reasonably capable of valuation until such time as the litigation is completed. As there is inherent delay involved in the process of liquidating an action, Parsowith argues, to conform with the requirements of the uniformity clause, the rate of taxation must be the rate in effect at the time when actual recovery is obtained. Parsowith asserts that there is no rational basis that would support a higher rate of taxation upon transfers to a widow who suffered the misfortune of her spouse dying earlier than the spouses of others.

■ The uniformity clause of the Pennsylvania Constitution provides that "[a]ll taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under the

general laws." Pa. Const. art. VIII, §1. To be uniform, a tax must "operate alike on the classes of things or property subject to it." *Commonwealth v. Overholt & Co.*, 331 Pa. 182, 191, 200 A. 849, 853 (Pa.1938).[6]

▇▇▇▇ It is well established that, in matters of taxation, the General Assembly possesses wide discretion, and a tax enactment will not be invalidated unless it " '*clearly, palpably,* and *plainly* violates the Constitution.' " *Leonard,* 507 Pa. at 320–21, 489 A.2d at 1351 (quoting *Commonwealth v. Life Assurance Co. of Pa.*, 419 Pa. 370, 377, 214 A.2d 209, 214 (1965), *appeal dismissed,* 384 U.S. 268, 86 S.Ct. 1476, 16 L.Ed.2d 524 (1966))(emphasis in original). When challenging a taxing statute, it is the taxpayer's burden to demonstrate that a classification is unreasonable, in that it is not rationally related to any legitimate state purpose. *Leonard,* 507 Pa. at 321, 489 A.2d at 1352 (stating that a classification must be based upon some legitimate distinction between the classes that is not arbitrary and is reasonable and just).[7] Neither the equal protection clause nor the uniformity clause requires absolute equality and perfect uniformity in taxation, and any doubts as to the constitutionality of the statute are to be resolved in favor of upholding the statute. *Id.* at 321, 489 A.2d at 1352.

6. The analysis under the uniformity clause of Pennsylvania's Constitution is generally the same as that under the equal protection clause of the United States Constitution, *Leonard v. Thornburgh,* 507 Pa. 317, 320, 489 A.2d 1349, 1351 (1985); therefore, our analysis includes citations to federal precedent in the equal protection area. Since the statutory classification at issue in this case is not based upon race, sex, illegitimacy or other similar factors, nor is there an allegation of impingement upon a fundamental right, a heightened level of scrutiny is not implicated.

7. *See generally Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 359, 93 S.Ct. 1001, 1003, 35 L.Ed.2d 351 (1973)(noting that, in the field of taxation, states are given "large leeway in making classifications and drawing lines which in their judgment produce reasonable systems of taxation"); *Carmichael v. Southern Coal & Coke Co.,* 301 U.S. 495, 509, 57 S.Ct. 868, 872, 81 L.Ed. 1245 (1937)(stating that "[n]either due process nor equal protection imposes upon a state any rigid rule of the equality of taxation[; a] Legislature ... may make distinctions ... having a rational basis, and ... they must be presumed to rest on that basis if there is any conceivable state of facts which would support it"); *Allied Stores of Ohio, Inc. v. Bowers,* 358 U.S. 522, 526–27, 79 S.Ct. 437, 440–41, 3 L.Ed.2d 480 (1959).

*See generally Lee Hosp. v. Cambria County Bd. of Assessment Appeals,* 162 Pa.Cmwlth. 38, 52, 638 A.2d 344, 351 (noting that the uniformity clause requires only substantial uniformity and approximate equality in taxation), *appeal discontinued,* 538 Pa. 661, 648 A.2d 791 (1994).

The statutory classification under attack is defined by the use of the date of a spouse's death as the date controlling the rate of tax assessed.[8] Such date, however, provides a rational benchmark for inheritance taxation, establishing a single, readily discernible point of reference from which the tax may be calculated, thus promoting timeliness, orderliness and efficiency in revenue collection and estate administration. Indeed, the General Assembly has crafted related provisions that also encourage prompt and certain estate resolution, establishing that the tax becomes immediately due and payable upon the decedent's death, 72 P.S. §9142; providing a requirement for payment of inheritance tax within nine months after death, *id.;* allowing a discount for prompt payment, *id.;* regulating extensions of the time for payment, 72 P.S. §9150; and offering taxpayers a means to liquidate the tax in cases of uncertain valuation, 72 P.S. §9116(e).

The General Assembly's decision to use the date of death for the purposes of determining the incidence of inheritance taxation upon surviving spouses is not only rationally based, but also consistent with the traditionally accepted principle that the date of death is controlling for purposes of determining inheritance tax. *See, e.g., Tracy,* 403 Pa. at 379, 170 A.2d at 96–97; *Shugars,* 284 Pa. at 206–07, 130 A. at 427. *See generally* 42 AM.JUR.2D *Inheritance, Estate, and Gift Taxes*

---

**8.** Notably, there is no claim in this case of disparate treatment among taxpayers within the class defined by the spouse's date of death—the same rule applies to Parsowith as to all other persons similarly situated. *See generally* 42 AM.JUR.2D *Inheritance, Estate, and Gift Taxes* §14 ("[a] tax law does not violate the provision requiring taxes to be uniform upon the same class of subjects by reason of the fact that the rate of taxation differs from that levied upon other subjects"); *id.* at §51 (stating the general rule that "[i]nheritance taxes which have accrued and are due under an existing statute are not remitted or released by a subsequent statute which amounts only to an amendment or revision of the prior statute").

§§41, 52. Thus, we hold that the challenged amendments to the Act do not violate the uniformity clause of the Pennsylvania Constitution.

Accordingly, the decision of the Commonwealth Court is reversed, and the case is remanded for entry of judgment on the merits in favor of the Commonwealth, Department of Revenue.