J-A26037-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRIS R. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3072 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 3, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003105-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHRIS R. WILLIAMS | : | |
| | : | |
| Appellant | : | No. 3094 EDA 2022 |

Appeal from the Judgment of Sentence Entered February 3, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0003106-2018

BEFORE:  DUBOW, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 2, 2024**

Appellant, Chris R. Williams, appeals *nunc pro tunc* from the judgment

of sentence entered in the Philadelphia County Court of Common Pleas,

following his bench trial convictions for simple assault, indirect criminal

contempt, criminal mischief, and theft by unlawful taking.[1]  We vacate and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.  On April 10, 2018, the Commonwealth charged Appellant at two criminal dockets with burglary, criminal trespass, theft by unlawful taking, indirect criminal contempt, terroristic threats with intent to terrorize another, simple assault, recklessly endangering another person, criminal mischief, harassment by subjecting another to physical contact, and aggravated assault, following his assault of his ex-paramour and her daughter.  The court conducted a preliminary hearing on April 23, 2018.

On May 29, 2018, the trial court held a pre-trial conference, and Appellant requested a continuance because the Commonwealth had not provided requested discovery.  On June 28, 2018, the trial court held a scheduling conference.  At that time, the Commonwealth had not provided the requested discovery.  Nevertheless, the trial court scheduled the matter for a jury trial on December 4, 2018.

On December 4, 2018, the parties appeared before the court.  At this time, the Commonwealth still had not provided Appellant with discovery, and requested a continuance for further investigation.  On April 12, 2019, the parties again appeared before the trial court for a scheduling conference.  The

_____

[1] 18 Pa.C.S.A. § 2701; 23 Pa.C.S.A. § 6114; 18 Pa.C.S.A. §§ 3304; and 3921, respectively.

Commonwealth requested an additional continuance to conduct further investigation due to incomplete discovery.

On April 18, 2019, Appellant filed a motion to dismiss the charges pursuant to Pa.R.Crim.P. 600. On April 23, 2019, the trial court held a hearing on Appellant's Rule 600 motion. During the hearing, the Commonwealth argued that it had acted diligently in bringing the case to trial, noting its submission of "numerous" subpoenas to Hahnemann Hospital seeking the complainant's medical records. In response, Appellant argued that the Commonwealth had not acted diligently, due to the nine-month gap between the issuance of the first subpoena on April 13, 2018, and the second subpoena on January 22, 2019, which was after the original trial date. At the conclusion of the hearing, the trial court decided that the Commonwealth had acted diligently and denied relief.[2]

Following continuances for varying reasons which included a lack of available judges and the COVID-19 pandemic, the case ultimately proceeded to a bench trial on September 14, 2021. The trial court convicted Appellant of simple assault, indirect criminal contempt, criminal mischief, and theft by unlawful taking, and acquitted him of the remaining charges. On February 3, 2022, the court imposed an aggregate sentence of two to four years' imprisonment plus two years of probation.

_____

[2] The court did not provide reasons to support its holding that the Commonwealth had acted diligently.

- 3 -

Appellant did not file a post-sentence motion. Due to a breakdown in communication with counsel, Appellant failed to timely appeal. Following a successful Post Conviction Relief Act ("PCRA")[3] petition, the trial court restored Appellant's direct appeal rights *nunc pro tunc*. Appellant timely filed *nunc pro tunc* notices of appeal at each underlying docket on November 20, 2022.[4] Thereafter, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied on December 21, 2022.[5]

Appellant raises the following issue for our review:

> Did the [trial] court err and abuse its discretion when it denied [Appellant's] motion to dismiss pursuant to Pennsylvania Rule of Criminal Procedure 600(A) where the trial did not begin until long after the adjusted run date and the Commonwealth failed to exercise due diligence in bringing the case to trial?

(Appellant's Brief at 3).

Our standard of review of a Rule 600 decision is as follows: "In general, a trial court's [ruling on] a Rule 600 motion is reviewed for an abuse of discretion; however, it is subject to plenary review when the dispositive question implicates legal issues." ***Commonwealth v. Malone***, 294 A.3d

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

[4] This Court subsequently consolidated the appeals *sua sponte*.

[5] Neither the jurist who heard the Rule 600 motion, nor the jurist who presided over the trial, is currently a sitting trial judge in Philadelphia County. Thus, the trial court did not provide a Pa.R.A.P. 1925(a) opinion.

1247, 1248 (Pa.Super. 2023). "Our scope of review is limited to the record evidence from the speedy trial hearing and the findings of the lower court, reviewed in the light most favorable to the prevailing party." ***Commonwealth v. Burno***, 638 Pa. 264, 313, 154 A.3d 764, 793 (2017).

> [Rule 600] establishes a careful matrix protecting a defendant's rights to be free from prolonged pretrial incarceration and to a speedy trial, while maintaining the Commonwealth's ability to seek confinement of dangerous individuals and those posing a risk of flight, and to bring its cases in an orderly fashion.

***Burno, supra*** at 313-14 (citation omitted).

Under Rule 600, the "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). Next, the trial court must determine whether any periods of time constitute excludable delay pursuant to Pa.R.Crim.P. 600(C). In this calculation, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

Where a defendant has not been brought to trial within the time periods set forth in Rule 600, he may "file a written motion requesting that the charges be dismissed with prejudice" on the grounds that this rule has been violated. Pa.Crim.P. Rule 600(D)(1). Additionally, delay caused by the court is excusable only if the Commonwealth shows that it exercised due diligence at

all relevant times during the proceedings. *See Commonwealth v. Johnson*, ___ Pa. ___, 289 A.3d 959 (2023). The Commonwealth "bears the burden of proving due diligence by a preponderance of the evidence. Due diligence is fact specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing that the Commonwealth has put forth a reasonable effort." *See Burno, supra* at 313-14 (internal citations omitted). Notably, where the trial court does not conduct a Rule 600 due diligence analysis, the "proper action [is] to remand to the trial court to determine whether the Commonwealth exercised due diligence pursuant to Rule 600." *Commonwealth v. Selenski*, 606 Pa. 51, 60, 994 A.2d 1083, 1088 (2010).

Instantly, the trial court did not conduct any analysis of due diligence on the record following the Rule 600 hearing. Although we could ordinarily remand the matter for the trial court to issue a supplemental opinion (*See id.*), we reiterate that the jurist who presided over Appellant's Rule 600 motion is no longer a sitting judge in Philadelphia County.

This Court has addressed an analogous situation in *Commonwealth v. Smith*, 277 A.3d 595 (Pa.Super. 2022) (*en banc*), where the record following a suppression hearing did not contain adequate information for this Court to address the merits of the defendant's claims. *Id.* at 599-600. In that case, the suppression court failed to place factual findings or legal conclusions on the record and left the bench prior to issuing a Rule 1925(a) opinion. *See id.*

at 603, 606. The **Smith** Court concluded that it could not "properly review the suppression court's decision, and assess the arguments made by the parties, based on the record currently before [the Court]." **Id.** at 605. Therefore, the appropriate remedy was to remand for a new suppression hearing. **See id.** at 606. Thus, the Court vacated and remanded for a new suppression hearing. **Id.**

Since **Smith**, this Court has applied similar principles in Rule 600 cases where the record is inadequate to conduct appellate review and the judge who presided over the Rule 600 motion is unavailable. **See Commonwealth v. Davis**, 1407 EDA 2022, 1408 EDA 2022, 1409 EDA 2022 (Pa.Super. filed Aug. 17, 2023) (unpublished memorandum)[6] (vacating order denying Rule 600 motion and judgment of sentence and remanding for new Rule 600 hearing). **See also Commonwealth v. DilFalco**, 2180 EDA 2022 (Pa.Super. filed Oct. 2, 2023) (unpublished memorandum) (same).

Here, at the conclusion of the Rule 600 hearing, the trial court stated, "All right. I do find that the Commonwealth was duly diligent, and your motion is denied." (N.T. Rule 600 Hearing, 4/23/19, at 10). The trial court did not discuss the specific facts of the case or engage in any analysis of the law as applied to those facts. Nor did the trial court specify which periods of delay were or were not attributable to the Commonwealth. The court did not issue

_____

[6] We may rely on unpublished decisions of this Court filed after May 1, 2019 for their persuasive value. **See** Pa.R.A.P. 126(b).

a separate opinion explaining its denial of the Rule 600 motion, and this Court does not have the benefit of a Pa.R.A.P. 1925(a) opinion explaining the trial court's reasoning and analysis. Under these circumstances, the best resolution of this case is to vacate the order denying Appellant's Rule 600 motion and to vacate Appellant's judgment of sentence, and remand for a new jurist to conduct a new Rule 600 hearing. ***See DilFalco, supra***; ***Davis, supra***.

Upon remand, the trial court shall conduct a due diligence analysis when deciding whether to grant or deny Appellant's Rule 600 motion. If the trial court finds a Rule 600 violation, it shall dismiss the charges against Appellant with prejudice. If the trial court does not find a Rule 600 violation and denies the motion, it may reimpose the judgment of sentence. ***See DilFalco, supra*** (providing similar instructions upon remand); ***Davis, supra*** (same).

Judgment of sentence vacated. Order denying Appellant's motion to dismiss vacated. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/2/2024