J-S45023-25          2026 PA Super 26

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                        :              PENNSYLVANIA
                                        :
                 v.                      :
                                        :
                                        :
PHILLIP B. BAKER                  :
                                        :
            Appellant         :    No. 474 MDA 2025

Appeal from the Order Entered March 5, 2025
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000585-2017

BEFORE:   STABILE, J., MURRAY, J., and FORD ELLIOTT, P.J.E.*

OPINION BY MURRAY, J.:                    **FILED: FEBRUARY 10, 2026**

Phillip B. Baker (Appellant), *pro se*, appeals from the order denying his petition for a writ of *habeas corpus*.  Appellant's petition challenged 18 Pa.C.S.A. § 3123(b) (defining the crime of involuntary deviate sexual intercourse (IDSI) of a child) as unconstitutionally vague, both facially and as applied to him.  Appellant further challenged 42 Pa.C.S.A. § 5552(c)(3) (providing for the tolling of the statute of limitations for sexual offenses involving a child) as violating the *ex post facto* prohibitions of both the Pennsylvania and United States Constitutions.  After careful review, we affirm.

This Court previously described the history of this case:

On October 25, 2018, a jury convicted Appellant of one count each of [IDSI] with a child [], indecent assault—complainant less than 13 years of age, corruption of minors (COM), and endangering

---

* Retired Senior Judge assigned to the Superior Court.

welfare of children [],[FN1] arising from the sexual abuse of his grandson between January 2009, and May 2016.[FN2]  On April 17, 2019, the trial court imposed an aggregate sentence of 15 to 30 years of incarceration and ordered Appellant to pay $2,500 in fines.  On June 15, 2020, this Court affirmed Appellant's judgment of sentence and our Supreme Court subsequently denied Appellant's petition for allowance of appeal.  ***See Commonwealth v. Baker***, 237 A.3d 1057 (Pa. Super. 2020) (unpublished memorandum), ***appeal denied***, 662 Pa. 476, 240 A.3d 104 (Pa. 2020).

---

[FN1] 18 Pa.C.S.[A.] §§ 3123(b), 3126(a)(7), 6301(a)(1)(ii), and 4304(a)(1), respectively.

[FN2] The victim was born in April 2006.

***Commonwealth v. Baker***, 311 A.3d 581, 295 MDA 2023 (Pa. Super. filed Dec. 13, 2023) (unpublished memorandum at 1-2) (footnotes in original; punctuation and capitalization modified).

Appellant timely filed a Post Conviction Relief Act ("PCRA")[1] petition on August 2, 2021, and counseled amended PCRA petitions on October 15, 2021, and September 8, 2022.  On November 29, 2022, after a hearing, the PCRA court denied Appellant's petition.  PCRA Court Order, 11/29/22.  On January 30, 2023, following a hearing pursuant to ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998), the PCRA court granted Appellant's request to proceed *pro se*.  On December 13, 2023, this Court affirmed the PCRA court's order. ***Baker***, 311 A.3d 581, 295 MDA 2023 (unpublished memorandum at 17).

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

On January 10, 2025, Appellant filed the *pro se* petition for *habeas corpus* relief underlying this appeal. *Habeas Corpus* Petition, 1/10/25. In his petition, Appellant claimed that

> [t]he Equal Protection and *Ex Post Facto* clauses of the United States and Pennsylvania Constitutions serve to restrict legislative power. It is under these constitutional protections that [the] court is distinctly []vested with jurisdiction to hear this petition.
>
> Here, the General Assembly has passed a vaguely worded statute, 18 [Pa.C.S.A.] § 3123, and a statute that acts to revive limitations periods that have expired, 42 [Pa.C.S.A. §] 5552(c)(3); therefore, [Appellant] seeks protection from the Legislature, not judges.

*Habeas Corpus* Petition, 1/10/25, ¶ 5. According to Appellant, the IDSI statute, 18 Pa.C.S.A. § 3123(b),[2] is unconstitutionally vague both facially, and as applied him. *Id.* ¶¶ 8-9. Appellant asserted that 18 Pa.C.S.A. § 5702 (definitions) classifies IDSI as a "crime of violence." *Id.* ¶ 13. However, Appellant claimed the victim never alleged a serious bodily injury. *Id.* ¶ 10. Appellant argued that Section 3123

> is vaguely worded and has been interpreted as ostensibly including entirely nonviolent claims of sexual intercourse (vaginal or anal) that are more appropriately addressed under the nonviolent statutory sexual assault statute (18 Pa.C.S.A. § 3122.1).

---

[2] Section 3123(b) provides that "[a] person commits [IDSI] with a child, a felony of the first degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age." 18 Pa.C.S.A. § 3123(b).

*Id.* ¶ 13.   Appellant argued, "[t]o assert that any subsection of [Section 3123(b)] does not require proof of serious bodily injury necessarily nullifies" the General Assembly's designation of IDSI as a crime of violence.  *Id.* ¶ 15.

Appellant further averred that 42 Pa.C.S.A. § 5552[3] improperly extended a statute of limitations that had expired, thereby violating the

---

[3] Appellant was charged with the above crimes in 2017.  At that time, Section 5552(c) provided for a 12-year statute of limitations for a prosecution for IDSI.  42 Pa.C.S.A. § 5552(b.1) (2017).  However, Section 5552(c) provided the following exception:

> **(c)** If the period prescribed in subsection … (b.1) has expired, a prosecution may nevertheless be commenced for:
>
> * * *
>
> **(3)** Any sexual offense committed against a minor who is less than 18 years of age any time up to the later of the period of limitation provided by law after the minor has reached 18 years of age or the date the minor reaches 50 years of age. As used in this paragraph, the term "sexual offense" means a crime under the following provisions of Title 18 or a conspiracy or solicitation to commit an offense under any of the following provisions of Title 18 if the offense results from the conspiracy or solicitation:
>
> * * *
>
> … Section 3123 (relating to [IDSI])….

*Id.* § 5552(c)(3) (2017).

federal and state constitutional prohibitions against *ex post facto* laws. *Id.* ¶ 21. Appellant claimed that,

> [u]nder the circumstances asserted in [Appellant's] case, it is plainly obvious that certain crimes with a two-year limitations period had expired prior [to] charging; therefore, [Appellant] had accrued immunity to prosecution. [Appellant] had a reasonable expectation of … not having to defend against criminal allegations whose limitations [period] had expired; but for[] the unconstitutionally vague design of 42 [Pa.C.S.A.] § 5552(c)(3).

*Id.* ¶ 11.

The trial court considered Appellant's *habeas corpus* petition as a petition for relief under the PCRA.[4] Trial Court Opinion, 5/12/25, at 1. The trial court denied PCRA relief, concluding Appellant's issues were previously litigated and/or waived and, therefore, not cognizable under the PCRA. *Id.* at 4-5.[5] Appellant timely appealed. Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

> 1. [Whether] the *habeas* court erred and abused its discretion in claiming that a remedies clause challenge to legislative enactments is cognizable under the [PCRA,] when such a claim materially conflicts with the act and [the Superior Court's] pronouncement in *Com. v. Smith*, 194 A.3d 126[ (Pa. Super.

---

[4] *See Commonwealth v. Taylor*, 283 A.3d 178, 188-89 (Pa. 2022) ("[T]he PCRA subsumes the writ of *habeas corpus* with respect to remedies offered under the PCRA. … [T]he writ continues to exist as an independent basis for relief only in cases in which there is no remedy under the PCRA." (citation and emphasis omitted)).

[5] *See* 42 Pa.C.S.A. § 9543(a)(3) (providing that to be eligible for PCRA relief, a petitioner must plead and prove that a claim was not previously litigated or waived).

2018), holding that such actions are not cognizable under the act[,] and [] **Com. v. West**, [938 A.2d 1034 (Pa. 2007),] holding that such actions may be pursued under *habeas* law[;]

2. Whether the *habeas* court erred and abused its discretion in claiming Appellant "waived" the freestanding ethical and constitutional obligation of the General Assembly to enact statutes that are presumptively constitutional, where, as here, the challenged statutes were rendered vague and interpretations on appeal from denial of relief sought under the act, rendering them so, and whether the substantial question doctrine has been met to obviate the exhaustion even if a citizen could "waive" a challenge to legislative enactments.

Appellant's Brief at 4 (capitalization modified).

Appellant first challenges the trial court's consideration of his *habeas corpus* petition as one for relief under the PCRA. *Id.* at 8. Appellant argues that the PCRA does not provide a remedy for a challenge to a legislative enactment as unconstitutionally vague. *Id.* at 9. According to Appellant, his challenge to the statute is not a PCRA claim challenging the truth-determining process or irregularity in sentencing. *Id.* at 10. Appellant argues the trial court sought

to unconstitutionally broaden the scope of the PCRA for the purpose of obstructing Appellant's constitutionally guaranteed right of access to the courts to litigate his challenges to legislative enactments[;] this cannot be countenanced.

*Id.* at 11.

The trial court considered Appellant's petition as one seeking relief under the PCRA. Trial Court Opinion, 5/12/25, at 1. However, upon review of Appellant's claims, we agree with Appellant that his petition sought *habeas*

- 6 -

*corpus* relief. In doing so, we find our decision in **Smith**, 194 A.3d 126, instructive.

In **Smith**, the appellant claimed that 18 Pa.C.S.A. § 1102 is void for vagueness because the statute did not provide adequate notice that a sentence of life imprisonment for first-degree murder would result in a sentence of life without the possibility of parole. **Smith**, 194 A.3d at 135. We concluded this constitutional due-process challenge was not cognizable under the PCRA, as it did not challenge the trial court's authority to impose such a sentence. **Id.** at 137.

Similarly, Appellant's *habeas corpus* petition did not challenge the authority of the trial court to convict him of the offenses, but challenged particular statutes as unconstitutionally vague or as violating the *ex post facto* clauses of the state and federal constitutions. Consequently, we agree with Appellant that his petition sought *habeas corpus* relief, and not relief available under the PCRA. **See Commonwealth v. Corliss**, 2024 Pa. Super. Unpub. LEXIS 2750, 19 EDA 2024 (Pa. Super. filed Nov. 1, 2024) (unpublished memorandum at 5) (addressing a post-conviction petition challenging 18 Pa.C.S.A. § 3125 (sexual assault) and 42 Pa.C.S.A. § 5552(c)(3) as unconstitutionally vague, and concluding the petition seeks *habeas corpus* relief, and not relief under the PCRA); **see also** Pa.R.A.P. 126(b) (stating this Court may rely on unpublished decisions of this Court filed after May 1, 2019, for their persuasive value).

In his second issue, Appellant argues that his claims are not waived, and he was not required to exhaust his available remedies prior to seeking *habeas corpus* relief. **See generally** Appellant's Brief at 22-24. Appellant initially points out that his PCRA petition

> put the lower court, and this [C]ourt, on notice of the vagaries of 18 [Pa.C.S.A.] § 3123 and facial unconstitutionality of 42 [Pa.C.S.A.] § 5552(c)(3) in his timely filed PCRA. Appellant did not raise challenges to the legislative enactments, but to the erroneous interpretations that render these statutes unconstitutional. The *habeas* court admits as much in the opinion refusing litigation of the *habeas* petition, stating that both the facial and as-applied challenges "are essentially the same arguments made in his previous [PCRA] petition filed on September 8, 2022."

*Id.* at 22 (citation omitted). Appellant argues he "exhausted his remedies to the extent he notified" the PCRA court (hearing his first PCRA petition) of his claims. *Id.* at 25.

Appellant further argues he was not required to "exhaust" his available remedies, because he raised a substantial question of constitutionality. *Id.* at 24. According to Appellant, a "substantial question of constitutionality is one that challenges the validity of the statute as a whole[,] and not simply a challenge to the application of the statute to a particular party." *Id.*

When reviewing an order denying *habeas corpus* relief, we face a pure question of law for which our standard of review is *de novo*, and our scope of review is plenary. **Rivera v. Pa. Dep't of Corr.**, 837 A.2d 525, 528 (Pa. Super. 2003). "*Habeas corpus* is an extraordinary remedy and is available after all other remedies have been exhausted or ineffectual or

- 8 -

nonexistent." *Smith*, 194 A.3d at 138 (citation omitted). *Habeas corpus* "will not issue if another remedy exists and is available." *Id.* (citation omitted). "**Issues are not cognizable under the statutory remedy of *habeas corpus* if they could have been considered and corrected in the regular course of appellate review or by post-conviction proceedings authorized by law**." *Commonwealth v. McNeil*, 665 A.2d 1247, 1250 (Pa. Super. 1995) (emphasis added).

Regarding the exhaustion of available remedies, our Supreme Court explained that

> Pennsylvania appellate courts regularly require adherence to the statutorily-prescribed administrative process. Nevertheless, this Court has adopted a flexible, case-specific approach which permits a narrow category of claims to bypass the ordinary route of appeal, where pursuit of statutory remedies would be pointless, or such remedies would be inadequate. *See Borough of Green Tree v. Board of Property Assessments of Allegheny County*, … 328 A.2d 819, 824 ([Pa.] 1974) (stating that "where the administrative process has nothing to contribute to the decision of the issue and there are no special reasons for postponing its immediate decision, exhaustion should not be required") (quoting L. Jaffe, Judicial Control of Administrative Action 440 (1965)). This exception resulted from a balancing of the concern for close conformance with legislative mandates against the interest in prompt, effective and meaningful treatment and resolution of live controversies. *See Green Tree*, … 328 A.2d at 824-25.

*Parsowith v. Dep't of Revenue*, 723 A.2d 659, 662 (Pa. 1999). In *Parsowith*, the Supreme Court concluded that the appellant's challenge to the legislative scheme of taxation "is amenable to resolution only in a judicial forum[.]" *Id.* at 663. Instantly, Appellant cites to no case law absolving a

petitioner from exhausting available judicial remedies before filing a *habeas corpus* petition.

Our review discloses that Appellant's claims "could have been considered and corrected in the regular course of appellate review or by post-conviction proceedings authorized by law." *McNeil*, 665 A.2d at 1250. Although Appellant claims he exhausted his available remedies by referring to his constitutional challenges in his PCRA petition, Appellant's Brief at 25, he ignores the judicial remedies he had available prior to filing his PCRA petition. Appellant failed to raise his constitutional challenges before or during trial, by means of a post-sentence motion, or on direct appeal. In addition, Appellant offers no argument regarding why these prior, available, judicial remedies were inadequate to address his constitutional challenges.[6]

Under these circumstances, we conclude that because Appellant failed to exhaust his available remedies prior to seeking *habeas corpus* relief, his issues are not cognizable under the statutory remedy of *habeas corpus*. *See*

_____

[6] We note that constitutional claims may be subject to waiver. *See  In re F.C. III*, 2 A.3d 1201, 1212 (Pa. 2010) (finding the Appellant waived his void-for-vagueness claim); *Commonwealth v. Diodoro*, 970 A.2d 1100, 1104 n.5 (Pa. 2009) (concluding the defendant waived his challenge to the statute prohibiting the possession of child pornography as unconstitutionally vague, because he failed to first raise the issue before trial court); *Commonwealth v. Lawrence*, 99 A.3d 116, 124 (Pa. Super. 2014) (explaining that an *ex post facto* constitutional challenge presents a legal question that cannot be raised for the first time on appeal).

***McNeil***, 665 A.2d at 1250.  For this reason, we affirm the trial court's order denying Appellant the relief requested in his *habeas corpus* petition.[7]

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/10/2026

---

[7] "To the extent our legal reasoning differs from the trial court's, we note that, as an appellate court, we may affirm on any legal basis supported by the certified record." ***Commonwealth v. Smith***, 194 A.3d 126, 138 (Pa. Super. 2018) (citation omitted).