J-S35026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     IN THE SUPERIOR COURT
      OF PENNSYLVANIA

Appellee

v.

HARRY WOLDSMIT

Appellant     No. 2789 EDA 2018

Appeal from the PCRA Order Entered September 10, 2018
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1005951-2005

BEFORE:  OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STABILE, J.:      **FILED AUGUST 12, 2019**

Appellant, Harry Woldsmit, appeals from an order dismissing his petition for relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541—9546, as untimely.  We affirm.

The facts of the case, summarized by the trial court in a prior opinion, are as follows:

> On two different occasions, [Appellant], while on parole, drove to Kensington Avenue to pick up young women who were willing to perform oral sex in exchange for money.  On August 22, 2005, [Appellant] made an agreement with the victim [...] to receive oral sex in exchange for $60.  [Appellant] drove the victim to a location near Venango and Richmond and the victim asked him for her money.  [Appellant] held a knife to the victim's throat and pulled down the victim's pants.

---

* Retired Senior Judge assigned to the Superior Court.

[Appellant] then began vaginally penetrating the victim and eventually digitally penetrating the victim's anus. After [Appellant] was finished attacking [the victim], he told her he was a police officer and that he would kill her if necessary. After more threats, [Appellant] drove [the victim] a short distance and let her out of the vehicle. She had to exit through the driver's side door because the passenger side door could not be opened from the inside. [The victim] made a photo identification of [Appellant] to Detective Norma Serrano at the Special Victim's Unit approximately two and a half weeks later.

On September 2, 2005, [Appellant] coaxed his second victim [...] into his car and promised to pay her $40 in exchange for oral sex. While in the back seat, [Appellant] took out a knife and held it against [the victim's] neck. [Appellant] then demanded intercourse and threatened to kill [the victim] if she did not comply. [The victim] attempted to fight off [Appellant] and during the struggle, [Appellant] slightly, but not fully, penetrated her vagina. Eventually [the victim] was able to escape through the driver's side door and flag down a passing motorist.

On July 18, 2006, both victims appeared in court to testify against [Appellant] at a scheduled consolidated jury trial. The two victims had never met each other prior to entering the courtroom on that day. [Appellant] then agreed to enter [a] guilty plea. A lengthy factual basis for the two incidents which were of course remarkably similar, was placed on the record with both victims in the court and listening. After [Appellant] entered his guilty plea, the Commonwealth requested that the court advise [Appellant] of his rights to withdraw a guilty plea, and also about the 'issue of substantial prejudice.' [The trial court] then responded 'I normally don't like to put something out there that someone is not thinking about,' to which [Appellant] quipped 'I already thought about it. [The district attorney] is not that quick.'

Trial Court Opinion, 6/30/08, at 3-5 (record citations omitted).

On July 18, 2006, Appellant pleaded guilty to two counts each of rape and terroristic threats and one count each of aggravated indecent assault and impersonating a public servant. On September 8, 2006, Appellant filed a *pro se* motion to withdraw his guilty plea, claiming that (1) he was innocent of the

charges; (2) his plea was not knowingly and intelligently entered because he "was suffering from the effects of his psychotropic medication, depression, and the guilty plea was the product of his deteriorated physical and mental condition"; and (3) his attorney was not willing to help him. Motion to Withdraw Guilty Plea, 9/8/06. In response, the Commonwealth argued that it would suffer substantial prejudice if the court permitted Appellant to withdraw his plea, because it could no longer locate the two complainants, both of whom had drug addiction problems and worked as prostitutes. The Commonwealth indicated that Appellant was aware of the problems the Commonwealth had locating one of the complainants for trial, which led to the issuance of a bench warrant for her arrest and an initial dismissal of the charges against Appellant relating to her assault.

On October 18, 19 and 20, 2006, the trial court held hearings on Appellant's motion. The Commonwealth presented testimony from detectives that they were unable to locate the victims following Appellant's guilty plea.[1]

---

[1] While not directly relevant to the present appeal, the Commonwealth introduced a recording of a telephone conversation that Appellant had with his ex-wife following his incarceration in which he admitted raping one of the victims. During the hearing on his motion to withdraw his plea, Appellant argued that his ex-wife acted as an agent of the Commonwealth in procuring his confession. The Commonwealth informed the court that (1) Appellant's ex-wife contacted the prosecutor and related what Appellant said on the phone, (2) the prosecutor informed the ex-wife that all calls made and received by inmates were recorded, (3) the prosecutor asked the ex-wife if she wished to cut off Appellant's ability to contact her, and (4) she replied that she did not want access cut off. The court determined that Appellant's ex-

Appellant took the position that the complainants were available to testify during trial.

On October 20, 2006, the trial court denied Appellant's motion to withdraw his plea. On January 18, 2007, the court sentenced Appellant to twenty to forty years' imprisonment. Appellant appealed to this Court and argued that the trial court erred by refusing to permit him to withdraw his guilty plea. On February 3, 2009, this Court affirmed, reasoning: "Appellant knew the two victims were key witnesses for the Commonwealth and virtually assured their absence at any future proceeding by initially pleading guilty. Appellant's actions, therefore, substantially prejudiced the Commonwealth." *Commonwealth v. Woldsmit*, 440 EDA 2008, at 8-9 (Pa. Super., 2/3/09) (unpublished memorandum). Appellant did not appeal to the Supreme Court.

In 2010, Appellant filed a timely PCRA petition and then an amended petition. The PCRA court appointed counsel, who filed a *Turner/Finley*[2] "no merit" letter and a request to withdraw. On July 1, 2011, the PCRA court dismissed the petitions and granted counsel permission to withdraw. Appellant filed a timely notice of appeal, but this Court dismissed the appeal on October 17, 2012 due to Appellant's failure to file an appellate brief.

---

wife did not act as an agent of the Commonwealth during the telephone conversation.

[2] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On October 10, 2012, shortly before the dismissal of his PCRA appeal, Appellant filed a second *pro se* PCRA petition. Appellant claimed that he had newly discovered evidence that his wife "set up" the telephone conversation in which Appellant admitted raping one of the victims. **See** footnote 1, **supra**. On September 12, 2013, the PCRA court dismissed Appellant's petition without a hearing. Appellant appealed to this Court, which affirmed on October 10, 2014 on the basis that the petition was untimely under the PCRA's statute of limitations and did not satisfy the newly discovered evidence exception to the one-year limitation period. **Commonwealth v. Woldsmit**, 2757 EDA 2013 (Pa. Super., 10/10/14) (unpublished memorandum).

On September 19, 2016, Appellant filed his third PCRA petition, the petition presently under review, claiming that trial counsel was ineffective by failing to adequately investigate the complainants' whereabouts prior to arguing Appellant's motion to withdraw his guilty plea. Appellant also alleged that counsel was ineffective for failing to object to a misstatement in the affidavit of probable cause underlying Appellant's criminal complaint that Appellant was African American instead of Caucasian. On July 25, 2018, the PCRA court issued a notice of intent to dismiss Appellant's petition without further proceedings pursuant to Pa.R.Crim.P. 907. On August 14, 2018, Appellant filed a response to the notice of intent. On September 10, 2018, the PCRA court dismissed Appellant's petition. Appellant timely appealed to this Court. On December 6, 2018, without ordering Appellant to file a

statement of matters complained of on appeal, the PCRA court filed an opinion concluding that it properly dismissed Appellant's petition as untimely.

In this Court, Appellant raises the following issues:

1) Did the Judge err by dismissing Appellant's petition as time-barred?

    I)    Did Appellant file his PCRA petition with the court correctly?

    II)    Did the Judge abuse his discretion?

2) Did the Commonwealth's misconduct create a violation of Appellant's due process rights?

    I)    Did the Commonwealth make statements through a third party that misled the court into making the wrong decision?

3) Did Appellant's attorney's ineffectiveness hinder his client's due process rights of law?

    I)    Did the attorney follow Appellant's wishes in his defense?

    II)    Did Appellant's attorney investigate all strategies of defense?

Appellant's Brief at 6 (with minor grammatical revisions).

Before we may address the merits of this appeal, we must determine whether the PCRA court had jurisdiction to entertain Appellant's PCRA petition. Under the PCRA, the petitioner must move for post-conviction relief within one year of the date the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment becomes final under the PCRA "at the conclusion of direct review, including discretionary review in the Supreme Court of the

United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3). The one-year limitation period does not apply, however, when the petitioner pleads and proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)—(iii). Any petition attempting to invoke one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in March 2009, thirty days after this Court affirmed his judgment of sentence on direct appeal. His present petition, filed in 2016, is facially untimely. Thus, for this Court to have jurisdiction to review his petition on the merits, he must prove that he meets one or more of the exceptions in Section 9545(b).

Although Appellant's brief is not a model of clarity, he appears to contend that his present petition is timely under the newly discovered evidence exception to the statute of limitations, Section 9545(b)(1)(ii). We

hold that Appellant failed to plead facts in his PCRA petition that, if proved, satisfy this exception.

In his PCRA petition, Appellant submitted the First Judicial District criminal docket entries for two women whose names match those of his victims and Facebook excerpts from one of these women. Based on these documents, Appellant argued that defense counsel could have ascertained the victims' whereabouts at the time Appellant sought to withdraw his guilty plea and procured their attendance at trial.

A petitioner satisfies the newly discovered facts exception when the petitioner pleads and proves that "(1) the facts upon which the claim [is] predicated were unknown and (2) could not have been ascertained by the exercise of due diligence." **Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa. Super. 2018). Due diligence "requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief," but does not require "perfect vigilance [or] punctilious care." **Commonwealth v. Selenski**, 994 A.2d 1083, 1089 (Pa. 2010). In general, a presumption exists that information of public record is not "unknown" for purposes of proving the newly discovered fact exception, but this presumption does not apply to *pro se* prisoner petitioners. **Commonwealth v. Burton**, 158 A.3d 618, 620 (Pa. Super. 2017). Even though a *pro se* prisoner petitioner does not labor under this presumption, he must still "**plead and prove** the facts grounding [his] claim were unknown to

[him] and [he] could not have discovered those facts sooner with the exercise of due diligence . . ." **Commonwealth v. Shiloh**, 170 A.3d 553, 559 (Pa. Super. 2017) (emphasis in original).

In his PCRA petition, Appellant failed to state the date he obtained the public documents in question. He also failed to allege that he could not have discovered these documents sooner through the exercise of due diligence. Nor did Appellant correct these omissions in his response to the PCRA court's notice of intention to dismiss his petition without a hearing. Thus, Appellant failed to plead facts that satisfy the newly discovered evidence exception or demonstrate that he filed his petition within sixty days of the date he could have presented this claim.[3] The PCRA court properly dismissed Appellant's petition for lack of jurisdiction.

Order affirmed.

---

[3] Even if Appellant's petition satisfied the newly discovered evidence to the statute of limitations, his claims lacked arguable merit. As the Commonwealth points out, the documents appended to Appellant's PCRA petition show that the earliest contact between police and either of the women was October 31, 2006, almost two weeks after the hearings on his motion to withdraw his guilty plea. Commonwealth's Brief at 9-10. Consequently, the documents did not overcome the Commonwealth's argument that they could not locate the victims at the time Appellant presented his motion to withdraw his plea. As for Appellant's second claim—a complaint that the affidavit of probable cause underlying his criminal complaint identified him as African American instead of Caucasian—Appellant fails to demonstrate that this claim had arguable merit. Appellant did not plead guilty due to this clerical error. He pled guilty because he knew on the scheduled date of trial that the Commonwealth was virtually certain to prevail, because the victims appeared in court, ready and willing to testify against him.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/19