J-S29035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VERNON HARRISON | : | |
| | : | |
| Appellant | : | No. 2217 EDA 2019 |

Appeal from the PCRA Order Entered July 23, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008028-2015


BEFORE:  PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: July 23, 2020

Vernon Harrison (Harrison) appeals *pro se*[1] from the order of the Court of Common Pleas of Philadelphia County (PCRA court) denying his first petition filed pursuant the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. Harrison alleges that plea counsel rendered ineffective assistance by inducing him to enter a guilty plea without adequately informing him of the possibility of success on appeal of his Rule 600 claim.  After careful review, we affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The PCRA court determined that Harrison had knowingly, intelligently, and voluntarily waived his right to counsel and elected to proceed *pro se* following a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

**I.**

We glean the relevant facts and procedural history from the certified record.  Harrison was charged on January 21, 2015, with 33 offenses, including robbery, conspiracy, violations of the uniform firearms act and burglary.[2]  Harrison was charged and tried throughout the proceedings with one co-defendant, Damien Frazier (Frazier).  After multiple continuances requested by both the Commonwealth and the defense, Harrison proceeded to a preliminary hearing on August 7, 2015, and the charges were held for court.  The case then proceeded through formal arraignment, pre-trial conference and multiple status conferences, and the case was scheduled for the earliest possible jury trial date of March 28, 2016.  Following a motion for continuance by Frazier, the trial was then rescheduled until May 9, 2016.  On that date, as the Commonwealth was awaiting DNA testing results, the trial was again rescheduled to January 17, 2017.  At status conferences in November and December of 2016 and January of 2017, the DNA testing results were still incomplete.

On January 17, 2017, Harrison filed a motion to dismiss pursuant to Rule 600.  He argued that the bulk of the delay in bringing him to trial was caused by the Commonwealth's failure to exercise due diligence to obtain DNA results and provide discovery to the defense.  The trial was continued again

_____

[2]18 Pa.C.S. §§ 3701(a)(1)(ii), 903, 6105(a)(1) & 3502(a)(1).

until August 7, 2017. The trial court scheduled status conferences in the interim to address the motion to dismiss and the outstanding DNA testing results. After hearing arguments on the motion to dismiss in February of 2017, on May 5, 2017, the trial court denied the motion after issuing findings of fact on the record.

Citing the then newly-decided **Commonwealth v. Mills**, 162 A.3d 323 (Pa. 2017), on August 5, 2017, Harrison filed a second motion to dismiss pursuant to Rule 600. He again alleged that the Commonwealth had not acted with due diligence to provide necessary discovery to the defense, and that the Commonwealth had failed to secure key witnesses for his scheduled trial. At the August 7, 2017 trial date, the trial court continued the matter two days to consider the motion to dismiss. Harrison and the Commonwealth then jointly requested a continuance, as the Commonwealth needed to contact a witness and Harrison needed time for further investigation of additional discovery materials. The trial was rescheduled for October 30, 2017.

The trial court never issued a ruling on Harrison's second motion to dismiss pursuant to Rule 600. Jury selection began as scheduled on October 30, 2017, but the next day, Harrison elected to plead guilty to robbery, conspiracy, possession of a firearm prohibited and burglary for a negotiated

sentence of 9 to 20 years' imprisonment.[3] The remaining charges were *nolle prossed.* Harrison executed a guilty plea colloquy form and completed an oral colloquy in front of the trial court before his plea was accepted and the sentence was imposed. He did not file a post-sentence motion or direct appeal.

On November 14, 2017, Harrison filed his first timely *pro se* PCRA petition. The PCRA court appointed counsel and counsel filed a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988). Harrison then sought to amend his PCRA petition *pro se*. Following a video conference and colloquy, the PCRA court determined that Harrison had knowingly, intelligently and voluntarily waived his right to counsel and allowed him to proceed *pro se*. Harrison amended his petition and the Commonwealth filed a response. On July 23, 2019, the PCRA court dismissed the petition. Harrison timely appealed, and he and the PCRA court have complied with Pa.R.A.P. 1925.

## II.

Harrison argues on appeal that plea counsel was ineffective and his guilty plea was unlawfully induced because counsel did not advise Harrison of the likelihood of success if he appealed the denial of his Rule 600 claim. He

---

[3] Due to Harrison's prior convictions, the Commonwealth would have sought a mandatory minimum sentence of 25 years to life imprisonment if he were convicted at trial.

contends that his plea was not knowing, voluntary and intelligent because he was not given the opportunity to weigh the benefit of pursuing his claim on appeal against the risk of going to trial. He argues that following our Supreme Court's decision in **Mills**, **supra**, he had a meritorious claim under Rule 600 and would have sought relief on appeal but for his counsel's advice to enter a guilty plea.[4]

"[T]o succeed on an ineffectiveness claim, a petitioner must demonstrate that: the underlying claim is of arguable merit; counsel had no reasonable basis for the act or omission in question; and he suffered prejudice as a result[.]" **Commonwealth v. Laird**, 119 A.3d 972, 978 (Pa. 2015) (citations omitted). "[F]ailure to prove any of these prongs is sufficient to warrant dismissal of the claim without discussion of the other two." **Commonwealth v. Robinson**, 877 A.2d 433, 439 (Pa. 2005) (citation omitted). Counsel cannot be ineffective for failing to pursue a meritless claim. **Commonwealth v. Rykard**, 55 A.3d 1177, 1190 (Pa. Super. 2012). If the petitioner establishes that counsel failed to pursue a meritorious Rule 600 claim, prejudice is established because success on the claim would have

---

[4] "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Maddrey**, 205 A.3d 323, 327 (Pa. Super. 2019) (citation omitted).

entitled the petitioner to full discharge. ***Commonwealth v. Maddrey***, 205 A.3d 323, 327-28 (Pa. Super. 2019).

Under Rule 600, a case must be called to trial or a plea must be tendered within 365 days from the date on which the criminal complaint was filed. Pa.R.Crim.P. 600(A)(2)(a). If the defendant is not brought to trial within the time required by the rule, he may file a written motion seeking dismissal of all charges with prejudice. Pa.R.Crim.P. 600(D)(1). When computing the time that has elapsed, "periods of delay caused by the defendant," also known as excludable time, are excluded from the calculation of time that has elapsed from when the complaint was filed. Pa.R.Crim.P. 600(C)(2).

Excusable time, or periods of Commonwealth delay during which the Commonwealth exercised due diligence, is also not included in the calculation of time that has elapsed since the complaint was filed. ***Commonwealth v. Moore***, 214 A.3d 244, 248-49 (Pa. Super. 2019); Pa.R.Crim.P. 600(C)(1). The Commonwealth must show due diligence by a preponderance of the evidence for the time to be excused from the Rule 600 calculation. ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010). "Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." ***Moore, supra*** (citation omitted).

Our Supreme Court held in **Mills** that time attributable to the natural progression of a case through the court system (for example, the time between the preliminary hearing and the formal arraignment or pre-trial conference) is not excludable delay for the purposes of Rule 600. **Mills**, **supra**, at 325. When evaluating delay for Rule 600 purposes, trial courts must exercise discretion to determine whether the period of delay is attributable to the parties, the natural progression of the case, or the court's own calendar when the parties are prepared to proceed. **Id.** (stating that "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as 'delay' for which the Commonwealth is not accountable").

> Finally, we remain mindful of the dual purposes served by the rule:
>
> Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

**Commonwealth v. Martz**, ___ A.3d ___, at *5 (Pa. Super. April 28, 2020) (citations omitted).

We review the trial court's decision on a motion to dismiss pursuant to Rule 600 for an abuse of discretion. **Moore, supra**. "The proper scope of review . . . is limited to the evidence on the record of the Rule 600 evidentiary

- 7 -

hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party." *Id.* at 248 (citation omitted).

Here, the charges were filed on January 21, 2015, and the mechanical run date for Harrison to be brought to trial was January 21, 2016. Pa.R.Crim.P. 600(A)(2). Harrison entered his guilty plea on October 31, 2017, which was 1,014 days after the criminal complaint was filed. Harrison challenges two periods of delay during which he contends the Commonwealth did not exercise due diligence: the 253 days between May 9, 2016, and January 17, 2017, and the 202 days between January 17, 2017, and August 7, 2017.

In its opinion pursuant to Pa.R.A.P. 1925(a), the PCRA court addressed these periods of delay as follows:

> On May 9, 2016, discovery relating to DNA results were still outstanding, so the Court rescheduled trial for January 17, 2017. Since the Commonwealth **did not have any control** over when the lab produced the DNA results, and in fact had been **acting with due diligence** in attempting to retrieve them, the **253** days between the two trial dates are **excusable**. On January 17, 2017, the DNA results were still outstanding and the Court was on trial, so the Court rescheduled trial for August 7, 2017. Since the Court was already on trial, and the DNA results were still outstanding, the delay was **beyond the Commonwealth's control** and **despite its due diligence**. Therefore, the **202** days between the second and third trial dates were **excusable**.

PCRA Court Opinion, 12/13/19, at 8 (emphasis in original). Harrison contends that the DNA testing was completed by the laboratory within the 53 days between March 4, 2016, and April 26, 2016, and that the trial court abused

its discretion by finding that the Commonwealth exercised due diligence with regard to the DNA testing for the 455 days between May 9, 2016, and August 7, 2017. He argues that even if the discovery was provided on January 17, 2017, the Commonwealth did not exercise due diligence in securing the testing results from the laboratory in that time period.

Harrison's contention that the DNA testing was complete by April 26, 2016, is belied by the record. Our review of the docket reveals several entries from continuances after that date where the DNA testing is listed as "outstanding" or additional status conferences were scheduled to address the DNA testing. *See* Docket Entries for 5/9/16, 11/2/16, 12/6/16, 1/17/17, 2/14/17. The docket entry for April 28, 2016, notes only that "partial DNA discovery" was passed at that time and states that additional discovery remained outstanding. *See* Order Granting Motion for Continuance, 4/28/16. Moreover, in issuing its factual findings on the first motion to dismiss, the court found that DNA results had been outstanding prior to January 17, 2017, and stated: "As a footnote, I continued this matter a number of times here to sort of monitor the situation. I do agree that something needs to be done about shortening the time in terms of waiting for the DNA results, but the bottom line is, it's not like the Commonwealth had the results in their possession." N.T., 5/5/17, at 17-18. The court then noted it had continued the trial to the "earliest possible date" of August 7, 2017. *Id.* at 18.

After holding numerous status conferences with the parties at which the Commonwealth addressed the issue of the outstanding DNA results, the court concluded that the Commonwealth had acted with due diligence in obtaining the results but ultimately had no control over the laboratory's handling of the case. This court has previously held that a continuance due to outstanding DNA test results was excusable time when the Commonwealth exercised due diligence in attempting to obtain the results from the laboratory. **Commonwealth v. Frye**, 909 A.2d 853, 858-59 (Pa. Super. 2006). The PCRA court here found that the Commonwealth had acted with due diligence in obtaining the DNA testing results, and this finding is supported by the record. Thus, it did not abuse its discretion in holding that the time from May 9, 2016, and January 17, 2017, was excusable delay.

In addition, the continuance to August 7, 2017, was in part a result of the court's own calendar, as it was unable to proceed to trial on January 17, 2017.[5] The August trial date was the earliest possible trial date and was outside of the control of either Harrison or the Commonwealth. **See Mills**, **supra**; **Commonwealth v. Andrews**, 213 A.3d 1004 (Pa. Super. 2019) (time properly ruled excludable for Rule 600 purposes when defendant requested additional DNA testing discovery from the Commonwealth and the trial court's "congested docket" caused further delay). As we find no abuse of

---

[5] It is not clear from the record when the DNA testing was ultimately completed.

discretion in the PCRA court's conclusion that the Commonwealth pursued the DNA results with due diligence and because the case was subsequently scheduled for the earliest possible trial date, the time was properly excusable for the Rule 600 calculation. Harrison's Rule 600 claim has no merit.

Because we conclude that Harrison's underlying Rule 600 claim would not have merited relief, he cannot establish that plea counsel was ineffective by inducing him to plea without advising him that he had a meritorious Rule 600 claim. ***Maddrey***, ***supra***. Thus, the PCRA court did not err in dismissing his petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/23/20