J-A12023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY DAVIS | : | |
| | : | |
| Appellant | : | No. 1407 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008424-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY DAVIS | : | |
| | : | |
| Appellant | : | No. 1408 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008425-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROY DAVIS | : | |
| | : | |
| Appellant | : | No. 1409 EDA 2022 |

Appeal from the Judgment of Sentence Entered November 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008426-2017

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 17, 2023**

Appellant Roy Davis appeals from the judgments of sentence imposed following his consolidated non-jury trial and convictions for firearm charges and related offenses.  Appellant contends that the trial court erred in denying his Pa.R.Crim.P. 600 motion to dismiss.  Appellant also challenges the weight of the evidence.  For the reasons set forth below, we vacate the order denying Appellant's motion to dismiss and the judgments of sentence, and we remand for a new Rule 600 hearing.

We adopt the trial court's summary of the facts in this case.  **See** Trial Ct. Op., 9/7/22, at 3-4.  Briefly, on March 9, 2017, the police filed criminal complaints against Appellant.  The Commonwealth subsequently filed criminal informations at three different trial court docket numbers.  The first information, filed at Docket No. 8424-2017, charged Appellant with possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm in public, possession of an instrument of crime, simple assault, recklessly endangering another person (REAP), possession of a controlled substance, and possession of drug paraphernalia.[1]  The Commonwealth also charged Appellant with simple assault and REAP at Docket No. 8425-2017.

_____

[1] 18 Pa.C.S. §§ 6105(a)(1), 6106(a)(1), 6108, 907(a), 2701(a), 2705, 35 P.S. § 780-113(a)(16), and (32), respectively.

Lastly, the Commonwealth charged Appellant with witness intimidation[2] at Docket No. 8426-2017.

On April 15, 2019, Appellant filed a motion for relief under Pa.R.Crim.P. 600.[3] Following a hearing on June 13, 2019, the Honorable Jeffrey P. Minehart denied Appellant's motion to dismiss the charges under Rule 600(A). However, Judge Minehart did not place any findings of fact and conclusions of law on the record. **See** N.T. Mot. Hr'g, 6/13/19, at 13; Trial Ct. Order, 6/13/19.[4]

_____

[2] 18 Pa.C.S. § 4952(a)(1).

[3] We note that Appellant's motion was captioned "motion for immediate release pursuant to Rule 600(a) [sic] of the Pennsylvania Rules of Criminal Procedure." At the June 13, 2019 hearing, Appellant orally moved to dismiss the charges under Rule 600(A) and did not request release on nominal bail, which is governed by Rule 600(B). **See** N.T. Mot. Hr'g, 6/13/19, at 4. The Commonwealth did not object to Appellant changing his request for relief. **See id.**

[4] We note that the notes of testimony from the June 13, 2019 hearing are not included as part of the certified record, but they are included as part of Appellant's reproduced record. The Commonwealth did not object to the accuracy of these notes of testimony. Because "their veracity is not in dispute, we rely on the copy contained within the reproduced record." **See C.L. v. M.P.**, 255 A.3d 514, 518 n.3 (Pa. Super. 2021) (*en banc*); **see also Commonwealth v. Brown**, 52 A.3d 1139, 1145 n.4 (Pa. 2012) (holding that an appellate court can consider a document that only appears in the reproduced record when "the accuracy of the reproduction has not been disputed" (citation omitted)).

Further, the exhibits admitted at the Rule 600 hearing are not included in the certified record. It is well-established that the "[a]ppellant has the responsibility to make sure that the record forwarded to an appellate court contains those documents necessary to allow a complete and judicious
*(Footnote Continued Next Page)*

Judge Minehart also presided over Appellant's non-jury trial on August 13, 2019. Judge Minehart found Appellant not guilty of possession of a controlled substance and possession of drug paraphernalia, and found him guilty of all other charges.

Following Judge Minehart's retirement, the Honorable Mark J. Moore presided over Appellant's sentencing hearing on November 22, 2021. The trial court imposed an aggregate sentence of six to twelve years' incarceration. Appellant filed timely post-sentence motions, which Judge Moore denied.[5]

_____

assessment of the issues raised on appeal." ***Commonwealth v. Wint***, 730 A.2d 965, 967 (Pa. Super. 1999) (citations and quotation marks omitted); ***see also*** Pa.R.A.P. 1921, Note (stating that "[u]ltimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials" (citation omitted)).

[5] Our review of the record indicates that the clerk of courts did not indicate on the trial court dockets when it served Appellant with a copy of the trial court's order or the manner of service. ***See Commonwealth v. Jerman***, 762 A.2d 366, 368 (Pa. Super. 2000) (stating that "[i]n a criminal case, the date of entry of an order is the date the clerk of courts enters the order on the docket, furnishes a copy of the order to the parties, and records the time and manner of notice on the docket" (citations omitted)); ***see also*** Pa.R.Crim.P. 114(C)(2)(c); Pa.R.A.P. 108(a)(1), (d)(1). Therefore, the period for taking an appeal has not begun to run. ***See Jerman***, 762 A.2d at 368; Pa.R.A.P. 903(a). Nevertheless, we will construe Appellant's notices of appeal as having been timely filed. ***See Jerman***, 762 A.2d at 368. Further, despite the clerk's failure to note service on the docket, Appellant obviously received notice of the order denying his post-sentence motions because he filed the instant appeals. Accordingly, we will "regard as done that which ought to have been done" and address these appeals instead of quashing them as interlocutory. ***Commonwealth v. Carter***, 122 A.3d 388, 391 (Pa. Super. 2015) (citation omitted).

Appellant subsequently filed timely notices of appeal.[6]   Both Appellant and

Judge Moore complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues for our review:

1. Whether the trial court erred in denying Appellant's Rule 600 motion to dismiss where the proceedings were repeatedly postponed and trial took place past the run date due to the Commonwealth's failure to disclose mandatory discovery in the form of a video which the Commonwealth introduced into evidence at trial, the Commonwealth's failure to proceed in a timely fashion at the preliminary hearing stage, and the Commonwealth's failure to bring its witnesses to court?

2. Did the trial court err in denying the post-sentence motion for a new trial where the verdict was against the weight of the evidence because the only testimony was inconsistent and uncorroborated, the trial court should have found that the witnesses, many of whom had *crimen falsi* convictions or were on active probation, were not credible, and the police did not recover a gun, leading to the result that anyone can claim without evidence that someone else had a gun and thereby trigger enormous consequences for the accused with no protections against false claims?

Appellant's Brief at 8 (formatting altered).

In his first issue, Appellant argues that the trial court erred in denying

his motion to dismiss the charges pursuant to Pa.R.Crim.P. 600(A).  *Id.* at 22-

31.  Specifically, Appellant claims that when this case was called for trial on

December 10, 2018, the Commonwealth had not provided Appellant with a

copy of a surveillance video, and the trial court issued a continuance.  *Id.* at

24-25.  Appellant asserts that his trial, which occurred on August 13, 2019,

_____

[6] On June 13, 2022, this Court consolidated the appeals *sua sponte* pursuant to Pa.R.A.P. 513.  Order, 6/13/22.

- 5 -

was 141 days after the Rule 600 adjusted run date. *Id.* at 25. Appellant further argues that the Commonwealth failed to prove by a preponderance of the evidence that it acted with due diligence in bringing Appellant's case to trial. *Id.* at 26-31. Appellant notes that there is no record for this Court to review other than the trial court docket entries because Judge Minehart did not place any reasons for his denial of Appellant's motion to dismiss on the record and subsequently retired. *Id.* at 31. Appellant contends that the present state of the record is sufficient for this Court to conclude that the trial court erred in denying his motion and that he is entitled to discharge. *Id.*

Our standard and scope of review of a trial court's denial of a motion to dismiss pursuant to Rule 600 is as follows:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

*Commonwealth v. Leaner*, 202 A.3d 749, 765-66 (Pa. Super. 2019) (citation omitted and formatting altered).

Rule 600 provides, in relevant part, "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365

days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). The Rule further states:

> For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

Generally, the Commonwealth must bring a criminal defendant to trial before the "mechanical run date," meaning within 365 days from the date upon which a written criminal complaint is filed. *Leaner*, 202 A.3d at 766.

Our Supreme Court has explained:

> However, the Rule 600 run date may be adjusted pursuant to the computational directives set forth in Subsection (C) of the Rule. For purposes of the Rule 600 computation, "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence." [Pa.R.Crim.P. 600(C)(1)]. "Any other periods of delay," including those caused by the defendant, "shall be excluded from the computation." *Id.* When considering a Rule 600 motion, the court must identify each period of delay and attribute it to the responsible party, then adjust the 365-day tally to arrive at the latest date upon which the Commonwealth may try the defendant [("the adjusted run date")]. Absent a demonstration of due diligence, establishing that the Commonwealth has done everything reasonable within its power to guarantee that the trial begins on time, the Commonwealth's failure to bring the defendant to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice. *See* Pa.R.Crim.P. 600(D)(1).

***Commonwealth v. Barbour***, 189 A.3d 944, 947 (Pa. 2018) (some citations omitted and some formatting altered).

> Due diligence is a fact-specific concept that must be determined on a case-by-case basis. Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth. Due diligence includes, *inter alia*, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600. Periods of delay caused by the Commonwealth's failure to exercise due diligence must be included in the computation of time within which trial must commence.

***Commonwealth v. Martz***, 232 A.3d 801, 810-11 (Pa. Super. 2020) (citations omitted and formatting altered).

Where the trial court fails to make a finding as to whether the Commonwealth exercised due diligence in bringing the defendant to trial, an appellate court should remand the case to the trial court to conduct a proper Rule 600 analysis. ***See Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010); ***see also Commonwealth v. Richardson***, 2572 EDA 2018, 2020 WL 1922515, at *5 (Pa. Super. filed Apr. 21, 2020) (unpublished mem.) (concluding that "[w]here a trial court has failed to conduct a proper due diligence analysis, the correct action for this Court to take is to remand for the trial court for such analysis" (citation omitted)).[7]

In ***Commonwealth v. Smith***, 277 A.3d 595 (Pa. Super. 2022) (*en banc*), this Court addressed a similar situation in which the record did not

---

[7] We may cite to non-precedential memorandum decisions filed by this Court after May 1, 2019 for their persuasive value. **See** Pa.R.A.P. 126(b).

contain adequate information for the Court to address the merits of the defendant's claims. In that case, the defendant filed a direct appeal challenging the trial court's denial of his motion to suppress. *Smith*, 277 A.3d at 599-600. However, the suppression judge did not place any factual findings or legal conclusions on the record. *Id.* at 603. The suppression judge then left the bench and was not available to issue a Rule 1925(a) opinion. *Id.* at 606. Ultimately, the *Smith* Court concluded that it could not "properly review the suppression court's decision, and assess the arguments made by the parties, based on the record currently before [the Court]." *Id.* at 605.

In reaching that conclusion, the *Smith* Court explained:

[W]e have no factual findings or legal determinations by **any** trial judge — let alone findings of fact by the suppression judge who actually viewed the witnesses and ruled on the issues raised herein — to enable us to complete our task of determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Clearly, there are factual issues to be determined in this matter. . . . Thus, remanding for the trial court to make such factual findings is necessary. Moreover, because the instant trial judge did not have the benefit of viewing the witnesses firsthand, a whole new suppression hearing is warranted.

*Id.* at 606 (citation and quotation marks omitted and emphasis in original).

Accordingly, the *Smith* Court vacated the defendant's judgment of sentence and remanded for the trial court to conduct a new suppression hearing and issue findings of fact and conclusions of law. *Id.* The Court further explained that if the trial court denied the defendant's motion to

suppress, it may reimpose the judgment of sentence, but if the trial court granted the motion, it shall grant the defendant a new trial. ***Id.***[8]

Here, Judge Minehart denied Appellant's Rule 600 motion to dismiss without placing any factual findings or legal conclusions on the record. ***See*** N.T. Mot. Hr'g, 6/13/19, at 13; Trial Ct. Order, 6/13/19. Judge Minehart subsequently retired and Judge Moore did not address the merits of Appellant's Rule 600 issue in his Rule 1925(a) opinion. ***See*** Trial Ct. Op. at 6. As a result, the record does not contain any factual findings or legal determinations by the trial court regarding which periods of delay are attributable to each party and whether the Commonwealth acted with due diligence for this Court to review. ***See Barbour***, 189 A.3d at 947; ***Leaner***, 202 A.3d at 766.

Further, given the present state of the record, we decline Appellant's invitation to determine whether the Commonwealth acted with due diligence. ***See Martz***, 232 A.3d at 810 (explaining that "[d]ue diligence is a **fact-specific** concept that must be determined on a case-by-case basis" (citation omitted and emphasis added)); ***see also Commonwealth v. Shaw***, 247 A.3d 1008, 1017 (Pa. 2021) (reiterating that "[i]t is not an appellate court's

---

[8] We note that ***Smith*** involved a suppression motion, and when this Court reverses an order denying a suppression motion, the appropriate relief is a remand for a new trial "at which the Commonwealth will not be permitted to introduce the illegally seized evidence." ***Commonwealth v. Mattis***, 252 A.3d 650, 656 (Pa. Super. 2021) (citation omitted). The instant appeal involves a Rule 600(A) motion, and if the trial court finds that the Commonwealth violated Rule 600(A), "the trial court must dismiss the charges." ***Leaner***, 202 A.3d at 766-67 (citation omitted).

function to engage in fact-finding" (citation omitted)); *but see Selenski*, 994 A.2d at 1089 (explaining that "the trial court[] failed to focus its inquiry on due diligence[,]" and the proper action is a remand for the trial court to conduct a proper due diligence analysis, but our Supreme Court declined to do so "[i]n the interest of judicial economy," and instead chose to "conduct a due diligence analysis in the first instance" based on the record).

Given the circumstances of the instant case, it is appropriate for this Court to remand for the trial court to conduct a proper Rule 600 analysis. *See Selenski*, 994 A.2d at 1089 (stating that "[w]here the trial court failed to consider the evidence in the record as it reflected on [the Commonwealth's] due diligence" that "the proper action [is] a remand to the trial court to determine whether the Commonwealth exercised due diligence pursuant to Rule 600"); *see also Richardson*, 2020 WL 1922515, at *5. However, because Judge Minehart has retired, a new Rule 600 hearing before a new judge is required. *Accord Smith*, 277 A.3d at 606.

Therefore, we vacate the order denying Appellant's Rule 600 motion to dismiss and the judgments of sentence, and remand for a new Rule 600 hearing. Afterwards, the trial court shall place its findings of fact and conclusions of law on the record. If the trial court finds Rule 600 violations, then the trial court shall vacate Appellant's convictions and dismiss the charges against Appellant with prejudice. *See Barbour*, 189 A.3d at 947; *Leaner*, 202 A.3d at 766-67; *see also Commonwealth v. Lear*, 290 A.3d

709, 720-21 (Pa. Super. 2023) (remanding for a Rule 600 hearing).[9]  If the trial court does not find Rule 600 violations and denies Appellant's Rule 600 motion, it may reimpose the judgments of sentence.

Judgments of sentence vacated.  Order denying Appellant's motion to dismiss vacated.  Cases remanded for further proceedings.  Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *8/17/2023*

---

[9] As stated above, if Appellant prevails at the new Rule 600 hearing on remand, he will be entitled to dismissal of the charges. ***See Barbour***, 189 A.3d at 947.  Therefore, we decline to address Appellant's claim that the verdict is against the weight of the evidence without prejudice for Appellant to raise this claim on a subsequent appeal if the trial court denies Appellant's Rule 600 motion. ***See Commonwealth v. Rivera***, 238 A.3d 482, 495 (Pa. Super. 2020) (explaining that a successful challenge to the weight of the evidence results in a new trial).