J-S33042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| EBON S. MCKINZIE SR. | : | |
| | : | |
| Appellant | : | No. 317 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 20, 2023
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002710-2021

BEFORE:   BENDER, P.J.E., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:        **FILED:  November 17, 2023**

Appellant, Ebon S. McKinzie appeals from the judgment of sentence entered in the Court of Common Pleas of Erie County after a jury convicted him of Firearms not to be Carried Without a License, 18 Pa.C.S. § 6106(a)(2), and Disorderly Conduct, 18 Pa.C.S. § 5503(a)(2).  Sentenced to serve a period of 15 months' reporting probation, Appellant contends that the trial court erred in denying his pretrial motion to dismiss pursuant to Pa.R.Crim.P. 600 and challenges the sufficiency of the evidence offered to prove a violation of Section 6106(a)(2).  We affirm.

On August 13, 2021, a police criminal complaint filed by the City of Erie Police Department charged Appellant with one count of Firearms not to be Carried Without a License, a misdemeanor of the first degree, and one count

_____

[*] Former Justice specially assigned to the Superior Court.

of Disorderly Conduct, a summary offense. According to the notes of testimony from Appellant's criminal trial, on August 13, 2021, at approximately 7:00 a.m., police were dispatched to the 700 block of E 13th Street for a disturbance involving two men fighting. N.T., 11/16/23, at 24. Once at the scene, police observed Appellant yelling at another male while using obscene language. After encountering Appellant and advising him that he was under arrest, Appellant admitted to possessing a firearm in a closed compartment underneath the seat of his scooter. N.T. at 32, 51. A search of the seat compartment revealed a silver Smith & Wesson 9mm handgun secured inside of a holster that could be used for open or concealed carry purposes. N.T. at 51. Appellant does not possess a valid and lawfully issued license to carry a firearm.

A preliminary hearing was scheduled for September 29, 2021, but Appellant requested a continuance to obtain an attorney. 29 days later, on October 27, 2021, with counsel present, the preliminary hearing was held, and all charges were bound over to the court of common pleas.

On April 4, 2022, Appellant indicated his desire to go to trial. The following day, the Commonwealth requested laboratory results and a licensure report regarding the firearm found in Appellant's possession, but they were unable to acquire them until June 13, 2022, at which time the items were forwarded to Appellant.

On September 28, 2022, Appellant filed a counseled motion to dismiss the criminal information filed against him pursuant to Rule 600. By its Order

of October 17, 2022, however, the trial court determined that the adjusted run date for Appellant's trial was November 18, 2022, after 29 days of Appellant's excludable time and the Commonwealth's 69 days of excusable delay were added to the Rule 600 time computation. Specifically with respect to the trial court's determination of excusable delay, the court reasoned:

> The 69 days awaiting the lab report and gun license documents are not attributable to the defendant, but also should not be held against the Commonwealth. Especially since the Commonwealth made efforts to obtain the documents sooner. Thus, a total of 98 days shall be excludable from the Rule 600 calculation. Since the complaint was filed on August 13, 2021, and 98 days are excluded, the Commonwealth has until approximately November 20, 2022, to bring defendant to trial.

Opinion and Order, 0/17/22, at 1-2. Appellant's trial ultimately commenced on November 16, 2022, and a jury convicted Appellant on both charges. On January 20, 2023, Appellant was sentenced to serve a period of 15 months' probation. Appellant filed a timely counseled post-sentence motion for judgment of acquittal on January 30, 2023, which the trial court denied on March 10, 2023. This timely appeal followed.

Appellant raises the following two issues for this Court's consideration:

1. Whether the trial court erred in denying the Appellant's Motion to Dismiss pursuant to Rule 600?

2. Whether the Commonwealth failed to present sufficient evidence to prove the charge of Firearms not to be Carried Without a License beyond a reasonable doubt?

Brief of Appellant, at 3.

When presented with a speedy trial claim arising under Pennsylvania Rule of Criminal Procedure 600, our standard of review is well settled:

In evaluating Rule [600] issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule [600] evidentiary hearing, and the findings of the [trial] court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule [600] must be construed in a manner consistent with society's right to punish and deter crime. In considering [these] matters ..., courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Bethea*, 185 A.3d 364, 370 (Pa. Super. 2018) (citation and emphases omitted), *appeal denied*, 656 Pa. 11, 219 A.3d 597 (2019).

The Commonwealth bears the burden of proving, by a preponderance of evidence, that it acted with due diligence throughout the proceedings. *See Commonwealth v. Kearse*, 890 A.2d 388, 393 (Pa. Super. 2005).

Rule 600 provides, in relevant part, that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). To determine whether Rule 600 has been violated, a "court must first calculate the 'mechanical run date,' which is 365 days after the complaint was filed," and then must "account for any 'excludable time' and 'excusable delay.'" *Commonwealth v. Goldman*, 70 A.3d 874, 879 (Pa. Super. 2013). "For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

To this end, Rule 600 establishes two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be caused by the Commonwealth; and (2) the Commonwealth must have failed to exercise due diligence. Otherwise, the delay is excluded from the calculation of the run date. Put differently, where delay is not caused by the Commonwealth or delay caused by the Commonwealth is not the result of lack of diligence, it must be excluded from the computation of the Rule 600 deadline. "Due diligence is fact specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Selenski*, 606 Pa. 51, 994 A.2d 1083, 1089 (2010). Moreover, judicial delay is delay caused by the court, rather than the Commonwealth, and is likewise excludable if the Commonwealth exercised diligence during that time. *See Commonwealth v. Harth*, --- Pa. ----, 252 A.3d 600, 603 (2021) ("[A] trial court may invoke 'judicial delay' in order to deny

- 5 -

a defendant's Rule 600 motion to dismiss only after the Commonwealth has demonstrated that it complied with the due diligence requirements of Rule 600 at all relevant periods throughout the life of the case.").

***Commonwealth v. Johnson***, 289 A.3d 959, 981–82 (Pa. 2023).

For purposes of Appellant's speedy trial rights as codified in Pa.R.Crim.P. 600, *infra*, the mechanical run date in the instant matter was August 13, 2022, which was 365 days from the date the Erie Police Department filed the present criminal complaint against him. Within that timeline, the trial court attributed 29 days of excludable time to Appellant for his rescheduling of the preliminary hearing from September 29, 2021, to October 27, 2021, and 69 days of excusable delay by the Commonwealth from April 5, 2022, to June 13, 2022, because, the trial court concluded, as discussed *supra*, that the Commonwealth had exhibited due diligence in its "efforts to obtain the documents sooner." Upon review of the record, we agree with the trial court's assessment.

Accordingly, the trial court excluded a total of 98 days from the Rule 600 computation, which had the effect of pushing the adjusted run date to November 19, 2022. Because trial commenced prior to this date, on November 16, 2022, we discern no Rule 600 violation under the facts.

In Appellant's second issue, he challenges the sufficiency of the evidence with respect to one element to the Firearms Not to be Carried Without a License charge he faced at trial. Specifically, Appellant contends that the Commonwealth failed to establish that he concealed a firearm in any "vehicle" as that term appears in the statute. We disagree.

- 6 -

When examining a challenge to the sufficiency of the evidence, we adhere to the following standard of review:

The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying [the above] test, we may not [re]weigh the evidence and substitute our judgment for the factfinder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that[,] as a matter of law[,] no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the [trier] of fact[,] while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

**Commonwealth v. Smith**, 97 A.3d 782, 790 (Pa. Super. 2014) (citation omitted).

Pursuant to Section 6106(a)(1) of the Crimes Code, "any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. 6106(a)(1). Herein, Appellant argues that the Commonwealth failed to establish Appellant concealed the firearm inside any "vehicle", as he denies there was any evidence offered to substantiate that his scooter was a "vehicle" for purposes of this statute.

To support his position, Appellant relies on a definition of "vehicle" appearing in Chapter 77. "Vehicle Chop Shop and Illegally Obtained and Altered Property", which in turn resides in Article G, "Miscellaneous Offenses" of Title 18. Within that discrete context, the term "vehicle" is defined as:

> [e]very device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks. The term does not include a self-propelled wheelchair or an electrical mobility device operated by and designed for the exclusive use of a person with a mobility-related disability.

18 Pa.C.S. § 7701.[1]

Even if we were to apply this definition to the case at bar, Appellant would gain no relief. Appellant posits that there was neither circumstantial evidence nor direct testimony that Appellant's scooter was a "vehicle." The only time the Commonwealth addressed the issue, he asserts, was during rebuttal argument to the Appellant's motion for Judgment of Acquittal before the trial court, where the prosecutor observed, "You see on the bodycam the scooter has a license plate. So, with that, the – certainly it's a vehicle…." N.T. at 72.

The record shows, however, that Appellant admitted during his trial testimony that he rode his scooter from his residence to the scene of the crime, and otherwise used it as a mode of transportation from one place to another. In this regard, Appellant claimed no physical disability, nor did any

---

[1] 18 Pa.C.S.A. § 7701, "Definitions", appears within Chapter 77. "Vehicle Chop Shop and Illegally Obtained and Altered Property" appears within Article G., "Miscellaneous Offenses of

evidence suggest that the device was designed for the "exclusive use of a person with a mobility-related disability." Of note, moreover, Officer Sherwood testified before the jury that the scooter had a Pennsylvania license plate affixed to the back.

When viewed in a light most favorable to the Commonwealth as verdict winner, which this Court is required to do under our standard of review, the evidence presented at trial established beyond a reasonable doubt that the scooter in which Appellant concealed his firearm was a "vehicle" which may be operated on highways for purposes of the Firearms Not to be Carried Without a License statute at 18 Pa.C.S.A. § 6106. Accordingly, Appellant challenge to the sufficiency of the evidence fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

11/17/2023~~11/17/2023~~