J-A11029-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MONTAE OCIE DEMPSEY | : | |
| Appellant | : | No. 1456 MDA 2025 |

Appeal from the Judgment of Sentence Entered September 25, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0001009-2024

BEFORE: BECK, J., NEUMAN, J., and BENDER, P.J.E.

MEMORANDUM BY NEUMAN, J.: **FILED: JUNE 5, 2026**

Appellant, Montae Ocie Dempsey, appeals from the judgment of sentence of fines, costs, and restitution, imposed after a non-jury trial where he was convicted of theft by unlawful taking, 18 Pa.C.S. § 3921(a), and criminal mischief, 18 Pa.C.S. § 3304(a)(5). We affirm.

The trial court summarized the procedural history of Appellant's case, as follows:

> On June 12, 2023, Pennsylvania State Police filed a criminal complaint against [Appellant] for allegedly participating in a breaking-and-entering at BBS Jewelers in State Line, Franklin County, which occurred on September 23, 2022. Despite efforts by the Commonwealth, [Appellant] was not arrested until January 3, 2024, on account of his being incarcerated in first another state[,] and then another Pennsylvania county. [Appellant] was preliminarily arraigned on June 14, 2024. [Appellant]'s preliminary hearing was first set to occur on June 25, 2024, but was continued until July 2, 2024, and later to August 13, 2024, due to the appointment of conflict counsel.

***

On September 18, 2024, [Appellant] waived mandatory arraignment. On October 17, 2024, [Appellant]'s case was listed for the November 2024 trial term, with a pre-trial conference date of October 28, 2024…. However, there were no trial dates available to accommodate the length of time necessary to try [Appellant]'s case, so the case was continued to the January 2025 trial term[,] with a pre-trial conference date of January 6, 2025…. For the same reason, [Appellant]'s case was again continued to the March 2025 trial term[,] with a pre-trial conference date of February 27, 2025…. For the same reason, [Appellant]'s case was continued to the May 2025 trial term[,] with a pre-trial conference date of May 1, 2025….

On May 1, 2025, at the fourth pre-trial conference, [Appellant]'s case was listed for trial commencing on May 27, 2025, with a jury selection date of May 12, 2025. On May 12, 2025, a jury was selected. However, [previously,] on May 7, 2025, the Commonwealth [had] filed a "Notice of Intent to Present Evidence Pursuant to Pa.R.E[]. 404(b)." [Appellant had] provided [his] answer in opposition to the Commonwealth's motion on May 9, 2025. On May 22, 2025, the Commonwealth filed a motion to continue the jury trial to permit the court time to rule on the "outstanding [Rule] 404(b) motion" to admit evidence the Commonwealth "recently received in discovery that was referenced in the initial police report that was never turned over to the defense" and that "completely changes the Commonwealth's case."

[The trial court] granted this motion on May 23, 2025, and scheduled the case for a fifth pre-trial conference on July 7, 2025. On June 4, 2025, the Commonwealth filed its "Amended Notice of Intent to Present Evidence Pursuant to [Rule] 404(b)." [The trial court] had attempted to schedule a hearing on the Commonwealth's [Rule] 404(b) motion for July 9, 2025, but the date communicated to counsel in an in-chambers meeting was not memorialized in an order of court. That hearing was rescheduled for August 14, 2025.

At the July 7, 2025[] pre-trial conference, [Appellant]'s case was again continued to the September 2025 trial term for lack of dates available to accommodate the length of time necessary for trial.

On August 10, 2025, [Appellant] filed a motion to dismiss pursuant to [Pa.R.Crim.P.] 600. [The trial court] set a hearing on this motion for August 21, 2025. On August 14, 2025, [the trial

court] granted a continuance to postpone the [Rule] 404(b) hearing until after ruling on the Rule 600 motion to dismiss, in the event it was dispositive. On August 21, [2025,] the Rule 600 hearing was continued to September 4, 2025, because the Commonwealth's key witness was unavailable for the former.

At the sixth pre-trial conference on August 28, 2025, the case was scheduled for trial on September 30 through October 2, 2025. On September 4, [the trial court] held an evidentiary hearing on the motion to dismiss pursuant to Rule 600, whereafter [it] took the matter under advisement to conduct a thorough Rule 600 analysis. A jury was selected on September 8, 2025.

On September 17, 2025, [the trial court] issued an opinion and order of court denying the motion to dismiss, concluding that the Commonwealth was still able to bring [Appellant] to trial within the required time prescribed by Rule 600. On September 22, 2025, the Commonwealth filed its brief in support of its [Rule] 404(b) motion.[1]

On September 25, 2025, at the request of the parties, [the trial court] held a stipulated bench trial wherein the Commonwealth and [Appellant] stipulated as to facts that the Commonwealth would present at trial.

\*\*\*

Accordingly, [the trial court] found [Appellant] guilty of count 2, theft by unlawful taking, a misdemeanor of the first degree, and count 3, criminal mischief, a misdemeanor of the second degree. Per agreement of the parties, [the trial court] sentenced [Appellant] at both counts to fines, costs, and restitution.

On October 17, 2025, [Appellant] filed a [timely] notice of appeal…. On October 20, 2025, [Appellant was] ordered to file a concise statement of matters complained of on appeal [pursuant to Pa.R.A.P. 1925(b)] within 21 days. On November 10, 2025, [Appellant] … timely complied with [the trial court's] order.

---

[1] Upon review of the record, it is unclear whether the trial court made a ruling on the Commonwealth's Rule 404(b) motion. Notably, the trial transcripts are not contained in the certified record and, thus, we cannot determine if the Rule 404(b) evidence, discussed in further detail *infra*, was admitted. In any event, we presume, for argument's sake, the Rule 404(b) motion was granted.

Trial Court Opinion (TCO), 11/17/25, at 2-6 (internal footnotes and unnecessary capitalization omitted; some formatting modified). The trial court thereafter filed its Rule 1925(a) opinion on November 17, 2025.

On appeal, Appellant states one issue for our review:

Whether the trial court abused its discretion in excluding 197 days from October 28, 2024[,] through May 12, 2025[,] from the Rule 600 calculations?

Appellant's Brief at 3 (unnecessary capitalization omitted).

Our standard and scope of review in analyzing a Rule 600 issue are well-settled.

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review … is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

- 4 -

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters…, courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Peterson*, 19 A.3d 1131, 1134–35 (Pa. Super. 2011) (quoting *Commonwealth v. Ramos*, 936 A.2d 1097, 1100 (Pa. Super. 2007)).

Rule 600 states, in pertinent part:

**(A) Commencement of Trial; Time for Trial**

(1) For the purpose of this rule, trial shall be deemed to commence on the date the trial judge calls the case to trial, or the defendant tenders a plea of guilty or nolo contendere.

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

\*\*\*

**(C) Computation of Time**

(1) For purposes of paragraph (A), periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(a), (c); *see also* Pa.R.Crim.P. 600, cmt. ("If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded.") (citations omitted).

In a Rule 600 analysis, the "mechanical run date" is 365 days after the complaint was filed. The "adjusted run date" is then calculated by adding any time that is "excluded from the computation" under Rule 600(C)(1). If a defendant is not brought to trial by the adjusted run date, the case is dismissed.

*Commonwealth v. Malone*, 294 A.3d 1247, 1249 (Pa. Super. 2023) (citations omitted).

[T]he first sentence of Rule 600(C)(1) expresses the general rule: "Rule 600 establishes two requirements that must be met for delay to count toward the 365-day deadline: (1) the delay must be caused by the Commonwealth; **and** (2) the Commonwealth must have failed to exercise due diligence." The second sentence of Rule 600(C)(1) then explains that "any other periods of delay" — meaning any periods of delay not caused by the Commonwealth or not resulting from the Commonwealth's lack of due diligence — are "excludable" and are removed from the computation of the Rule 600 deadline. Once the "excludable time" is calculated, this time is added to the "mechanical run date" to produce the "adjusted run date," which is the deadline for the Commonwealth to bring the defendant to trial under Rule 600.

*Commonwealth v. Lear*, 325 A.3d 552, 560 (Pa. 2024) (emphasis in original; internal citations omitted).

The *Lear* Court clarified "the causation analysis precedes the due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." *Id.* at 560 n.7. "Due diligence is fact specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Johnson*, 289 A.3d 959, 982 (Pa. 2023) (citing *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010)). Due

diligence must be demonstrated by a preponderance of the evidence for the Commonwealth to establish a delay is excusable. *See Selenski*, 994 A.2d at 1089. "Due diligence includes, among other things, listing a case for trial prior to the run date, preparedness for trial within the run date, and keeping adequate records to ensure compliance with Rule 600." *Ramos*, 936 A.2d at 1102. "[D]ue diligence must be judged by what was done by the authorities rather than by what was not done." *Commonwealth v. Jones*, 886 A.2d 689, 701 (Pa. Super. 2005).

Relevant to this case is the limited exception in certain cases involving judicial delay set forth by *Commonwealth v. Harth*, 252 A.3d 600 (Pa. 2021). There, our Supreme Court held

> that, in ruling on a defendant's Rule 600 motion to dismiss, a trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case; if the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own congested calendar or other scheduling problems as justification for denying the defendant's motion. Otherwise, the due diligence component of Rule 600 "would have little, if any, meaningful import."

*Id.* at 618 (quoting *Commonwealth v. Mills*, 162 A.3d 323, 327 (Pa. 2017) (Wecht, J., concurring); (footnote omitted)).

Here, the complaint was filed on June 12, 2023. Accordingly, the mechanical run date was June 12, 2024. The trial court, in its opinion denying Appellant's motion to dismiss under Rule 600, set forth its findings regarding multiple periods of time throughout the pendency of Appellant's case, with some being deemed includable while others were excludable. *See* Rule 600

Opinion, 9/17/25, at 4-13. The trial court concluded the Commonwealth met its burden to bring Appellant to trial within the constraints of Rule 600, as a jury was selected for Appellant's trial on September 8, 2025, the first business day following the adjusted run date of Saturday, September 6, 2025. *Id.* at 12. On appeal, Appellant challenges only the trial court's exclusion of the period between October 28, 2024, and May 12, 2025, from the Rule 600 calculations. Therefore, we focus solely on this disputed period of delay.

Appellant claims "the 197 days from October 28, 2024[,] through May 12, 2025[,] should have been included in the Rule 600 calculations[,] as the Commonwealth clearly did not exercise due diligence at all relevant periods of the case[,] despite Appellant's repeated requests to have his case brought to trial." Appellant's Brief at 6. As set forth *supra*, between October of 2024 and May of 2025, Appellant's case was continued due to the court's congested calendar and lack of available trial dates. However, Appellant contends this time should not have been excluded from the Rule 600 calculations because the Commonwealth did not act diligently and would not have been prepared to proceed to trial at any point between October of 2024 and May of 2025, even if the court's schedule had permitted it. Although his argument is rather confusing, from what we glean from the record as a whole, Appellant seemingly claims the Commonwealth did not act diligently in reviewing and obtaining discovery. This lack of diligence resulted in the Commonwealth's being unaware, until May of 2025, that there was Rule 404(b) evidence it wished to admit at Appellant's trial. That evidence related to Appellant's

- 8 -

conduct in a case in Berks County, Pennsylvania, which the Commonwealth felt was necessary to prosecute his instant case. *See* Commonwealth's Brief at 3. According to Appellant, the fact the Commonwealth filed a Rule 404(b) motion in early May of 2025, arguing the Rule 404(b) evidence was necessary for prosecution, demonstrates the Commonwealth would **not** have been prepared to proceed to trial before discovering this evidence in May of 2025. Thus, he argues the continuances of his trial between October of 2024 and May of 2025 should be attributed to the Commonwealth because it did not act with due diligence in obtaining this Rule 404(b) evidence.

Upon review of the record, we find no reason to disturb the trial court's finding that the Commonwealth acted with sufficient due diligence in bringing Appellant to trial. In its Rule 1925(a) opinion, the trial court set forth the following summary of testimony at the evidentiary hearing on Appellant's motion to dismiss:

> [T]he Commonwealth presented the credible testimony of First Assistant District Attorney Laura Kerstetter. Attorney Kerstetter has been employed by the Franklin County District Attorney's Office since 2006 and has handled thousands of cases. She described the way in which her office prioritizes cases for the trial dates offered by the court. Prior to pre-trial conferences, a Rule 600 calculation is completed for each case, including [Appellant]'s case. An internal "work product" pre-trial conference memo is prepared for each case.
>
> Attorney Kerstetter acknowledged receiving emails from [defense counsel] regarding portions of the police report he believed were missing from the provided discovery. In the first email, sent on December 27, 2024, [defense counsel] inquired, "I was looking over the discovery[,] and it seems like there is a chunk of info[rmation] missing from the [Pennsylvania State Police] reports…." Attorney Kerstetter attempted to secure and turn over

all discovery. She recall[ed] personally requesting Trooper [Scott] O'Donohue's full report and then providing that report to [defense counsel]. Attorney Kerstetter testified that she actively worked to move [Appellant]'s case forward.

On May 9, 2025, [defense counsel] again emailed about what he believed to be missing pages in police reports. Attorney Kerstetter acknowledged that she did not have the police report from [Appellant]'s Berks County case[,] which had [been] resolved by the time of the instant case. She did not believe evidence from the Berks County case was necessary to go to trial and would have gone to trial with or without the Rule 404(b) evidence at issue. Attorney Kerstetter credibly testified that the Commonwealth was prepared to go to trial at every pre-trial conference.

Attorney Kerstetter testified that multiple trials were listed for the May 2025 trial term and that she could not handle all … the trials that were scheduled. Around that time, Attorney Kerstetter tasked First Chief Deputy District Attorney Jonathan Faust with handling [Appellant]'s trial. Attorney Kerstetter passed along to Attorney Faust a draft of a Rule 404(b) motion she had prepared to, but ultimately did not, file. At his discretion, Attorney Faust did eventually file the Commonwealth's original notice of intent to present [Rule] 404(b) evidence on May 7, 2025. Thereafter, Attorney Faust requested to continue the trial.

TCO at 10-12 (internal citations, footnotes, and unnecessary capitalization omitted).

The trial court then set forth its findings and conclusions as follows:

First, [the trial court] relied on the credible assertions from Attorney Kerstetter that she, as the assigned ADA to [Appellant]'s case at the time, was prepared to go to trial at all … the November 2024, January 2025, and March 2025 trial terms. As explored at the Rule 600 hearing, Attorney Kerstetter testified that she would have gone to trial without any of the Berks County evidence that was the subject of Attorney Faust's eventual Rule 404(b) notice. The Commonwealth exercised due diligence in listing [Appellant]'s case for trial at each of the three trial terms in question[. T]his diligence is bolstered by Attorney Kerstetter's testimony regarding the internal work product memorandums produced and procedures employed to ensure compliance with Rule 600 for [Appellant]'s case, along with all other criminal cases in Franklin

- 10 -

County. Equally telling of the Commonwealth's due diligence was Attorney Kerstetter's testimony that she responded promptly to two inquiries from defense counsel about the possibility of missing evidence by personally requesting and providing the full police report to [defense counsel].

Second, [the trial court was] mindful that the Commonwealth's lead attorney for [Appellant]'s case changed by virtue of necessity shortly before [Appellant]'s trial; Attorney Kerstetter assigned [Appellant]'s trial to Attorney Faust in May 2025 due to other conflicting trials set to be heard that term. [The trial court was] mindful that [it] must judge the Commonwealth's due diligence on what was done, not on what was "not done." ***Jones***, 886 A.2d at 701. To that effect, Attorney Kerstetter did **not** ultimately file the Rule 404(b) notice she had drafted regarding [Appellant]'s case. However, after receiving the case in May 2025 and viewing the evidence, Attorney Faust **did** elect to file a Rule 404(b) notice based on the evidence from other counties. … Attorney Faust had every right to view the evidence differently and craft his trial strategy in whatever way he pleased[,] consistent with the applicable Rules of Evidence and Rule 600. Attorney Faust ultimately requested the continuance for the May 2025 term, not Attorney Kerstetter. [The trial court] cannot fault Attorney Kerstetter's level of preparation for trial during the November 2024, January 2025, and March 2025 terms based on her decision not to file a Rule 404(b) motion….

***

[T]he Commonwealth satisfied its burden of proving its due diligence by a preponderance of the evidence at the Rule 600 hearing. Attorney Kerstetter's efforts, combined with the eventual switching of the Commonwealth's attorney(s) responsible for the trial, le[]d [the trial court] to believe the Commonwealth would have, more likely than not, indeed taken [Appellant]'s case to trial at any of the November 2024, January 2025, or March 2025 terms[,] had [the trial court] been able to accommodate a trial the length of [Appellant]'s.

***Id.*** at 13-15 (emphasis in original; some formatting modified; unnecessary

capitalization omitted).

In light of the foregoing, we discern no abuse of discretion in the trial court's finding the Commonwealth exercised due diligence throughout the pendency of this matter. The testimony, as found credible by the trial court and viewed in the light most favorable to the Commonwealth, demonstrated Attorney Kerstetter was aware of the Berks County case, the subject of her unfiled Rule 404(b) motion, prior to May 2025, and that she and defense counsel had previous discussions regarding it. N.T., 9/4/25, at 31. Attorney Kerstetter clarified that although she was aware of the Berks County case, "[she] did not receive, when [she] was handling the case, a police report regarding [the Berks County] case." *Id.* at 32. The testimony further established Attorney Kerstetter did not believe evidence from the Berks County case was necessary to prove the Commonwealth's instant case, and that she would have taken Appellant to trial without the Rule 404(b) evidence during any of the November 2024, January 2025, or March 2025 trial terms, **but for** the trial court's lack of availability. *Id.* ("But when going to trial on the Franklin County case[], that information … would not have been used by the Commonwealth to prove [Appellant] committed a crime in Franklin County. That was not necessary for us to be able to proceed to a jury trial and prove our case."); *id.* at 34 (Attorney Kerstetter's stating she would have gone to trial without the Rule 404(b) evidence); *see Commonwealth v. McDonald*, No. 218 MDA 2022, unpublished memorandum at 27 (Pa. Super. filed Nov. 13, 2023) ("The fact that the Commonwealth ended up using additional evidence that it could not have presented if trial had occurred as

- 12 -

originally scheduled does not mean that it was unprepared to go to trial at an earlier point in time. It simply means that, had the trial proceeded as scheduled, the Commonwealth would not have presented whatever additional evidence it uncovered in the interim."); *see also* Pa.R.A.P. 126(b) (stating that an unpublished, non-precedential memorandum decision of the Superior Court filed after May 1, 2019, may be cited for its persuasive value). As this Court has repeatedly stated, due diligence "does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Johnson*, 289 A.3d at 982. The Commonwealth met that threshold in this matter. Accordingly, the trial court acted within its discretion in treating the 197 days between October 28, 2024, through May 12, 2025, as excusable delay resulting from the trial court's inability to schedule a three-day trial. Therefore, the court did not err in denying Appellant's motion to dismiss.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/05/2026